IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SANDRA K. OMAR, *et al.*,  )<br>  )<br>    Petitioners,  )<br>  )<br>v.  )<br>  )<br>FRANCIS J. HARVEY, *et al.*,  )<br>  )<br>    Respondents.  )<br>  ) | Civil Action No. 05-2374 (RMU) |

**RESPONDENTS' MOTION FOR EXTENSION OF TIME
TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**[1]

Respondents hereby move for an extension of time until February 9, 2006, in which to show cause why petitioners' application for a writ of habeas corpus should not be granted.

In support of this motion, respondents submit the following:

1. On December 12, 2005, petitioners Sandra K. Omar and Ahmed S. Omar filed a petition for writ of habeas corpus on behalf of and as purported next friends of petitioner Shawqi Ahmad Omar ("Mr. Omar") alleging that Mr. Omar is in the custody of United States military forces in Iraq, and seeking a writ directing the release of Mr. Omar from United States custody.[2]

---

[1] By filing this motion, respondents do not concede that this Court has jurisdiction over this matter and expressly reserve the right to raise such jurisdictional objections in a later filed response to the petition for writ of habeas corpus.

[2] Although petitioners allege that their habeas corpus petition was served on the Attorney General of the United States and the United States Attorney for the District of Columbia on December 12, 2005, see Memorandum of Points and Authorities in Support of Petitioners' Motion for Immediate Issuance of an Order to Show Cause at 1-2 (dkt. no. 3) (Jan. 19, 2006), it is unclear whether the petition was ever properly served. Undersigned counsel is advised by the United States Attorney's Office for the District of Columbia that it has no record of the petition being served. In any event, when the petition arrived at the offices of undersigned counsel, it was inadvertently processed administratively as if it were another of the hundreds of habeas petitions filed by or purportedly on behalf of hundreds of individuals detained at Guantanamo

See Petition for Habeas Corpus at 8, 17 (dkt. no. 1). In addition to seeking Mr. Omar's release, the petition seeks, inter alia, an order to allow counsel to meet and confer with Mr. Omar in private and unmonitored attorney-client conversations, both by phone and in person; an order to cease all interrogations of Mr. Omar; and an order requiring an evidentiary hearing and the production of Mr. Omar at the hearing by video or in person. See id. at 17. The petition also alleges that Mr. Omar's detention contravenes provisions of the United States Constitution, the laws of the United States, and international law. Id. at 2.

    2. On January 19, 2006, petitioners filed a motion for immediate issuance of an order to show cause pursuant to 28 U.S.C. § 2243 asking the Court to direct respondents to show cause why a writ of habeas corpus should not be granted. See Motion for Immediate Issuance of an Order to Show Cause (dkt. no. 3).

    3. On January 20, 2006, before respondents could oppose petitioners' motion for an order to show cause, the Court granted petitioners' motion and ordered respondents to show cause by January 27, 2006 why the writ should not be granted. See Order (dkt. no. 4).

    4. Under 28 U.S.C. § 2243 any order to show cause "shall be returned within three days, unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. Additional time to respond to the order to show cause is appropriate in this case for numerous reasons. This is not a standard habeas case challenging an inmate's conviction and sentence, in which a record of the underlying proceeding is readily available. Rather, the petition alleges that Mr. Omar is in the custody of the United States Armed Forces overseas in

---

Bay, Cuba. This processing oversight was subsequently discovered and a review of the Court's docket on January 19, 2006 indicated that petitioners had filed a motion for immediate issuance of an order to show cause.

Iraq.  See Petition for Habeas Corpus at 8 (dkt. no. 1).  Ascertaining the factual circumstances surrounding Mr. Omar's alleged detention will take additional time, in light of the fact that those with personal knowledge of such facts are primarily located in Iraq and engaged in the United States' military and other operations there.  Identifying, locating, and contacting these individuals takes significant time, as does obtaining information from them concerning the circumstances surrounding the alleged detention, some of which may be classified.  These facts by themselves justify granting respondents additional time to respond to the order to show cause.  Moreover, the petition raises novel factual and legal questions, as it seeks to have a federal district court adjudicate the legality of the military's alleged detention of a purported U.S. citizen overseas in the course of on-going military operations.  For the foregoing reasons, respondents submit that "good cause" exists for providing respondents with additional time to respond to the order to show cause.

5.  Respondents respectfully request that the Court allow them the full twenty-day response period contemplated by 28 U.S.C. § 2243.[3]  Allowing twenty days from the date the Court issued its order to show cause (January 20, 2006) would make the response due on February 9, 2006, amounting to a thirteen-day extension from the present due date of January 27, 2006.

6.  No previous extensions of time have been granted to respondents, and granting this

---

[3] Respondents submit that the modest twenty-day period contemplated in the statute, which applies with respect to habeas petitions in the ordinary sense concerning inmates detained in domestic facilities, should not apply to petitions such as the present in which the circumstances – involving an individual allegedly detained by U.S. military authorities outside the United States during a time of ongoing hostilities – warrant a greater period of time to respond to any order to show cause.

modest extension will not affect any other existing deadlines.

7. Respondents' counsel has conferred with counsel for petitioners who consents to the requested extension.

8. For these reasons, respondents respectfully request that the Court extend until February 9, 2006 the time by which Respondents must show cause why the writ should not be granted.

A proposed order is attached.

Dated: January 24, 2006				Respectfully submitted,

							PETER D. KEISLER
							Assistant Attorney General

							KENNETH L. WAINSTEIN
							United States Attorney

							/s/ Edward H. White
							JOSEPH H. HUNT (D.C. Bar No. 431134)
							VINCENT M. GARVEY (D.C. Bar No. 127191)
							EDWARD H. WHITE (D.C. Bar No. 468531)
							Attorneys
							U.S. Department of Justice
							Civil Division, Federal Programs Branch
							20 Massachusetts Avenue, N.W.  Room 6110
							Washington, D.C. 20530
							Tel: (202) 514-5108
							Fax: (202) 318-4268
							email: ned.white@usdoj.gov

							Attorneys for Respondents