UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDRA K. OMAR *et al.*, | : | |
| Petitioners, | : | Civil Action No.:   05-2374 (RMU) |
| v. | : | |
| FRANCIS J. HARVEY *et al.*, | : | |
| Respondents. | : | |

## ORDER

### GRANTING THE *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER

Late in the evening on Thursday, February 2, 2006 the petitioner[1] filed an *ex parte* motion for a temporary restraining order. Upon consideration of the arguments in the motion and for reasons to be set forth more fully in a memorandum opinion to follow, the court grants the petitioner's motion for a temporary restraining order.

This order is entered without prior notice to the government because the *ex parte* motion raises obvious and substantial issues regarding the threat of irreparable harm to an American citizen. First, the petitioner alleges that he faces the possibility of transfer to the control of a country where he may be subjected to torture or indefinitely confinement; and second, this court recognizes that the petitioner faces the threat of irreparable harm based on the potential elimination of his habeas claims. Pursuant to *CSX Transport, Inc. v. Williams*, the court concludes that, for purposes of a temporary restraining order, petitioner has made an adequate showing. *CSX Transp., Inc. v. Williams*, 406 F.3d 667 (D.C. Cir. 2005) (citing *CityFed Fin. Corp.*, 58 F.3d at 747) (stating that the four factors for a injunctive relief should be balanced on a

---

[1] Technically, there are three petitioners in this case, two of whom are next friends of Shawqi Ahmad Omar. Because Shawqi Ahmad Omar is the only petitioner allegedly subject to transfer to the Iraqi authorities, all references are to one petitioner.

sliding scale, and that a party can compensate for a lesser showing on one factor by making a very strong showing on another factor).

Affording the parties adequate time to address these and other operative issues more fully, the court elects to maintain the status quo during the pendency of the temporary restraining order now set in place for the next ten days.[2]

Accordingly, it is this 3rd day of February, 2006,

**ORDERED** that the motion for a temporary restraining order is **GRANTED**, and it is

**FURTHER ORDERED** that the petitioner shall not be removed from United States custody, and it is

**ORDERED** that the temporary restraining order expires on Monday, February 13, 2006, and it is

**FURTHER ORDERED** that the petitioners shall submit supplemental briefing on or before Monday, February 6, 2006 at 9 a.m., and it is

---

[2] Because the court recognizes the tension created by the constitutional implications arising out of judicial versus executive branch authority on the matter, the court directs counsel to address this issue head on and through referenced authority in their submissions.

**ORDERED** that the respondents shall submit an opposition to the petitioner's motion on or before Tuesday, February 7, 2006 at 5 p.m., and it is

**FURTHER ORDERED** that the petitioner shall submit a reply to the government's opposition on or before Wednesday, February 8, 2006 at 3 p.m.

**SO ORDERED.**

RICARDO M. URBINA<br>United States District Judge