UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SANDRA K. OMAR *et al.*, | : | | |
| | : | | |
| Petitioners, | : | Civil Action No.: | 05-2374 (RMU) |
| | : | | |
| v. | : | Document No.: | 7 |
| | : | | |
| FRANCIS J. HARVEY *et al.*, | : | | |
| | : | | |
| Respondents. | : | | |

**MEMORANDUM OPINION**

GRANTING THE PETITIONER'S[1] MOTION FOR AN *EX PARTE*
TEMPORARY RESTRAINING ORDER

**I. INTRODUCTION**

The petitioner brings suit against the defendants, seeking release from the custody of the U.S. military in Iraq. This matter is before the court on the petitioner's motion for an *ex parte* temporary restraining order to enjoin the respondents from transferring him to the custody of the Iraqi authorities. Because the petitioner has shown the likelihood that he will suffer irreparable harm if he is transferred to the custody of a foreign government, the court grants the petitioner's motion for an *ex parte* temporary restraining order.

**II. BACKGROUND**

The petitioner is an American citizen held by the U.S. military in Iraq since October 29, 2004. Pet. for Writ of Habeas Corpus ("Pet.") ¶ 2. On January 20, 2006, the government moved the petitioner from Camp Bucca to Abu Ghraib. Pet'r's Mot. for a TRO ("Pet'r's Mot."). On

---

[1] There are three petitioners in this case, two of whom are next friends of Shawqi Ahmad Omar. Because Shawqi Ahmad Omar is the only petitioner allegedly subject to transfer to the Iraqi authorities, all references are to one petitioner.

February 2, 2006, the petitioner's attorneys received an e-mail from the respondents stating that the petitioner was "currently in the custody of [the] Multinational Force – Iraq, and a determination was previously made to refer his case to the Central Criminal Court of Iraq." Pet'r's Mot., Ex. 2. Fearing the consequences of transferring the petitioner to the custody of Iraqi authorities, the petitioner's attorneys filed a motion for an *ex parte* temporary restraining order late in the evening of February 2, 2006. The court now turns to that motion.

### III.  ANALYSIS

#### A.  Legal Standard for an *Ex Parte* Temporary Restraining Order

Under Federal Rule of Civil Procedure 65(b), a party may apply to the court for a temporary restraining order without written or oral notice to the adverse party only if (1) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury will result to the applicant before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies to the court the efforts made to give notice and the reasons why notice should not be required. FED. R. CIV. P. 65(b); *Haldane v. Crockford*, 1998 WL 419617, at *1 (D.D.C. Apr. 23, 1998) (noting Rule 65's immediate and irreparable harm requirement for *ex parte* motions).

As the Supreme Court has noted, Rule 65's stringent restrictions "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974). For that reason, *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods*, 415 U.S. at 439.

To gain *ex parte* relief, a plaintiff must show that such relief is appropriate under the circumstances. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Toward that end, the plaintiff may show that notice is impossible because the defendant is unknown or unable to be found. *Id.* (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Alternatively, the plaintiff may demonstrate that notice to the defendant would render fruitless further prosecution of the action. *Id.* (citing *In re Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979). Specifically, the plaintiff must show that "the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history." *Id.* at 651.

### B.  The Petitioner Has Demonstrated Irreparable Harm

In the instant case, the petitioner presents facts that convince this court that irreparable injury will likely result before the respondents can be heard in opposition to the motion. First, the petitioner faces the possibility of transfer to a government "where he might be tortured or indefinitely confined, which undeniably would constitute irreparable harm." *Al-Marri v. Bush*, 2005 WL 774843, at *4 (D.D.C. Apr. 4, 2005) (unpublished opinion). Specifically, the petitioner is a Sunni Muslim, and Iraqi authorities have, according to the allegations in the motion, condoned the torture of Sunni prisoners and used their police powers to settle sectarian scores. Pet'r's Mot. at 9. Second, the petitioner will suffer irreparable harm if his current habeas claim is eliminated or mooted by the respondent's actions. *Al-Marri*, at * 4; *See also Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 55 (D.D.C. 2004) (noting, in a case where an American citizen was held by the Saudi Arabian government allegedly at the behest of the United States, that the allegation that the citizen is deprived of an opportunity to vindicate his rights "is an exceptional

situation that demands particular attention to the rights of the citizen"). The danger that the respondents could "obviate" the petitioner's right to "'test the legitimacy of his executive detention' . . . would certainly constitute a threat of irreparable harm." *Al-Marri*, at *5 (quoting *Lee v. Reno*, 15 F. Supp. 2d 26, 32 (D.D.C. 1998)) (internal citations omitted).

In addition to showing that he may suffer irreparable harm, the petitioner also requests to proceed *ex parte* because he is concerned that the respondents "may accelerate the [transfer] process" before responding to the motion. Pet'r's Mot. at 1. Because the defendant has adequately shown that immediate and irreparable injury will result from the respondents' actions and because the petitioner has certified the reasons why he could not give notice to the respondents, the court holds that the petitioner has met the requirements for an *ex parte* restraining order.[2]

## IV. CONCLUSION

For the foregoing reasons, the court granted the petitioner's motion for an *ex parte* temporary restraining order. An order consistent with this Memorandum Opinion was issued the 3rd day of February, 2006.

RICARDO M. URBINA
United States District Judge

---

[2] The court is mindful of the tension created by the constitutional implications of this case, and will address these concerns following full briefing by the parties. Order Granting Pet'r's Mot. for *Ex Parte* TRO (Feb. 3, 2006).