IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SANDRA K. OMAR, *et. al.*, )<br>)<br>Petitioners, )<br>)<br>v. )<br>)<br>FRANCIS J. HARVEY, *et. al.*, )<br>)<br>Respondents. )<br>) | CIVIL ACTION NO. 05-2374 (RMU) |

*MEMORANDUM AND PROPOSED ORDER CONCERNING
CONFERENCE AND DISCOVERY ORDER*

**I.   INTRODUCTION**

Petitioner Mr. Shawqi Omar, a U.S. citizen, has challenged the lawfulness of his fifteen-month-plus detention in U.S. military custody.  Resolution of this matter properly lies within this Court's habeas corpus jurisdiction.  In this motion, petitioners seek carefully defined discovery to ascertain the conditions and grounds for Mr. Omar's detention.  In accord with the Court's Memorandum Opinion and Order of February 13, 2006, petitioners submit an attached Proposed Order that: (1) directs respondents to grant petitioners' counsel access to Mr. Omar as expeditiously as possible, and (2) directs the parties to confer and agree on the appropriate scope of discovery concerning the lawfulness of Mr. Omar's continued detention.

**II.   THE COURT SHOULD GRANT COUNSEL ACCESS TO MR. OMAR AND ORDER THE PARTIES TO CONFER AND AGREE ON THE APPROPRIATE SCOPE OF DISCOVERY.**

Respondents have leveled serious allegations against Mr. Omar.  *See* Respondents' Opposition to Petitioners' Motion for a Temporary Restraining Order ("Resp'ts' Opp'n") (dkt.

12) 6-7.[1]  Of course, Mr. Omar cannot respond to allegations he cannot see.  Until and unless counsel has the opportunity to consult with Mr. Omar, therefore, Mr. Omar cannot vindicate his undisputed right to prosecute this action, let alone traverse respondents' response.  28 U.S.C. § 2243.  At present, counsel lack essential facts needed to respond to the respondents' sweeping allegations.[2]

At this juncture, therefore, petitioners seek from the Court an order granting access to Mr. Omar and requiring the parties to confer and reach agreement regarding the appropriate scope of discovery.  Access to counsel is a constitutional right under the Due Process Clause, also secured under the habeas statute, and is a *sine qua non* of a meaningful habeas action.  *See Al Odah*, 346 F. Supp. 2d at 5 ("Petitioners are entitled to be represented by counsel pursuant to the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651.").  Without access to Mr. Omar, counsel cannot meaningfully respond to respondents' allegations.

Moreover, it is "is the inescapable obligation of the courts" to "secur[e] facts where necessary to accomplish the objective of" the habeas corpus proceeding by permitting appropriate discovery.  *Harris v. Nelson*, 394 U.S. 286, 299 (1969); *see also Al Odah v. United States*, 346 F. Supp. 2d 1, 6 (D.D.C. 2004) (applying *Harris* to permit discovery the context of military detentions); *cf. Banks v. Dretke*, 540 U.S. 668, 684-85 (2004) (discovery ordered by district court in habeas action yields exculpatory evidence).  Petitioners therefore ask the Court

---

[1] Contrary to respondents' suggestion, petitioners do not concede the truth of any of the respondents' vague and conclusory allegations.  In the best light, these allegations are merely double hearsay gathered in uncertain interrogation and custody conditions.  Under the Federal Rules of Evidence, which apply in habeas proceedings, *see* Fed. R. Evid. 1101(e), such allegations are in any case inadmissible in this Court.  Further, in the habeas petition, petitioners strenuously "disputed" the truth of *any* allegation of criminal conduct made against Mr. Omar in the absence of a full and fair judicial adjudication.  The petition for habeas corpus repeatedly asserted Mr. Omar's innocence, and unequivocally demanded a judicial process to test the lawfulness of his detention.  *See* Pet. For Writ of Habeas Corpus ¶¶ 2, 5, 17-20, 40-55.

[2] Petitioners reserve the right to file such traverse after they have a meaningful opportunity to confer with Mr. Omar.

to direct the parties to confer and discuss the scope and process of discovery in this matter, and to submit a proposed order governing that discovery on or before <u>February 27, 2006</u>. A proposed Order is attached for the Court's convenience.

### III. CONCLUSION

Petitioners therefore request that the Court: (1) direct respondents to grant petitioners' counsel access to Mr. Omar as expeditiously as possible, and (2) direct the parties to confer and discuss the appropriate scope of discovery concerning the lawfulness of Mr. Omar's continued detention.

Dated: February 16, 2006                         Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　／s/ Susan L. Burke　　　　　
　　　　　　　　　　　　　　　　　　　　　Susan L. Burke (D.C. Bar # 414939)
　　　　　　　　　　　　　　　　　　　　　Heather L. Allred (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　BURKE PYLE LLC
　　　　　　　　　　　　　　　　　　　　　3527 Lancaster Avenue
　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19104
　　　　　　　　　　　　　　　　　　　　　Telephone:    (215) 387-4705
　　　　　　　　　　　　　　　　　　　　　Facsimile:     (215) 387-4713

　　　　　　　　　　　　　　　　　　　　　Joseph Margulies (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　MACARTHUR JUSTICE CENTER,
　　　　　　　　　　　　　　　　　　　　　UNIVERSITY OF CHICAGO LAW SCHOOL
　　　　　　　　　　　　　　　　　　　　　1111 East 60th Street
　　　　　　　　　　　　　　　　　　　　　Chicago, IL  60637
　　　　　　　　　　　　　　　　　　　　　Telephone:    (773) 702-9560
　　　　　　　　　　　　　　　　　　　　　Facsimile:     (773) 702-0771

　　　　　　　　　　　　　　　　　　　　　Aziz Z. Huq (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Jonathan Hafetz (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　BRENNAN CENTER FOR JUSTICE, NEW
　　　　　　　　　　　　　　　　　　　　　YORK UNIVERSITY LAW SCHOOL
　　　　　　　　　　　　　　　　　　　　　161 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　12th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY  10013
　　　　　　　　　　　　　　　　　　　　　Telephone:    (212) 998-6730
　　　　　　　　　　　　　　　　　　　　　Facsimile:     (212) 995-4550

　　　　　　　　　　　　　　　　　　　　　*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I, Jonathan H. Pyle, hereby certify that on February 16, 2006, I caused to be served a true and correct copy of the foregoing Memorandum and Proposed Order Concerning Conference and Discovery via electronic mail and U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

Edward H. White, Esq.<br>
U.S. Department of Justice<br>
Civil Division, Federal Programs Branch<br>
20 Massachusetts Avenue, N.W., Room 6110<br>
Washington, DC 20530<br>
ned.white@usdoj.gov

_____
Jonathan H. Pyle