IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
SANDRA K. OMAR, *et al.*,                )
                                         )
        Petitioners,                     )
                                         )
        v.                               )          Civil Action No. 05-2374 (RMU)
                                         )
FRANCIS J. HARVEY, *et al.*,             )
                                         )
        Respondents.                     )
_____  )

**RESPONDENTS' OPPOSITION TO PETITIONERS' MEMORANDUM AND
PROPOSED ORDER CONCERNING CONFERENCE AND DISCOVERY ORDER**

        Respondents hereby oppose petitioners' Memorandum and Proposed Order Concerning

Conference and Discovery Order, (dkt. no. 23) (Feb. 16, 2006) ("Petitioners' Motion"), in which

petitioners seek an order requiring respondents to grant petitioners' counsel access to petitioner

Shawqi Omar ("Omar") and directing the parties to meet and confer regarding the scope of

discovery concerning the lawfulness of Omar's continued detention and to develop a discovery

plan. See Petitioners' Motion at 1-3. Petitioners' requests, however, are inappropriate and, at

the very least, premature.

        In response to the Court's order to show cause, respondents have asserted that the writ

should not issue and the habeas petition should be dismissed for a number of reasons, including

that the Court lacks jurisdiction over this case because Omar is not in the custody of the United

States and the Court's involvement in this case would violate fundamental principles of

separation of powers. See Respondents' Response to Order to Show Cause Supporting

Dismissal of the Petition for Habeas Corpus (dkt. no. 20) (Feb. 9, 2006) ("Respondents'

Response") (responding to order to show cause and incorporating by reference Respondents'

Opposition to Petitioners' *Ex Parte* Motion for a Temporary Restraining Order). The Court

should not consider petitioners' requests for counsel access and the initiation of discovery until

these jurisdictional and justiciability issues are decided. Even though the Court granted

petitioners' motion for a temporary restraining order,[1] see Order (dkt. no. 21) (Feb. 13, 2006),

the Court did not decide that it, in fact, had jurisdiction over this case or that this case was

justiciable, see Memorandum Opinion (dkt. no. 22) (Feb. 13, 2006). Instead, the Court merely

determined that this case presents questions "'going to the merits that are so serious, substantial,

difficult and doubtful, as to make them a fair ground for litigation'" and entered a preliminary

injunction. Memorandum Opinion at 6, 12-13 (quoting Washington Metro. Area Transit

Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977)).[2] Moreover, as noted in

respondents' opposition and response, discovery is not warranted in this case, and the Court

should deny petitioners' request to initiate a discovery conference as well as their request for

counsel access at this stage of the litigation.

I.     **THE COURT SHOULD DENY PETITIONERS' REQUESTS FOR COUNSEL
       ACCESS AND DISCOVERY DISCUSSIONS WHILE THE COURT'S
       JURISDICTION AND THE CASE'S JUSTICIABILITY ARE IN QUESTION.**

       In response to the Court's order to show cause, respondents have enumerated many

reasons why the writ should not issue and the habeas petition should be dismissed. See

---

[1] The Court treated petitioners' motion for a temporary restraining order as a motion for a preliminary injunction. See Memorandum Opinion at 1 n.2.

[2] Importantly, it should also be noted that it would be premature to enter any further relief in this matter before the time by which respondents are permitted to lodge an appeal of the Court's preliminary injunction has expired. See Fed. R. App. P. 4 (a)(1)(B) (requiring that notice of appeal be filed within 60 days after the judgment or order is entered when the United States is a party to a civil case).

Respondents' Response (dkt. no. 20) (Feb. 9, 2006) (responding to order to show cause and incorporating by reference Respondents' Opposition to Petitioners' *Ex Parte* Motion for a Temporary Restraining Order). Respondents have argued that the Court lacks jurisdiction to consider petitioners' habeas petition because Omar is not in the custody of the United States, but rather is in the custody of the Multinational Force – Iraq ("MNF-I") in the foreign sovereign country of Iraq. See Respondents' Response at 2-5; Respondents' Opposition to Petitioners' *Ex Parte* Motion for a Temporary Restraining Order at 13, 16-20 (dkt. no. 12) (Feb. 7, 2006) ("Respondents' Opposition"). Respondents have also explained that the Court's review of this habeas petition is prohibited because it would intrude on the foreign policy and national security decisions of the Executive in direct violation of the principles of separation of powers. See Respondents' Opposition at 21-27. In addition, respondents have asserted that the Court should not consider petitioners' habeas petition because it would require the Court to interfere with the sovereign government of Iraq's pending criminal investigation of Omar and further workings of Iraq's criminal justice system in contravention of principles of international comity. See id. at 20-21. Furthermore, additional challenges to the justiciability of this case under the political question doctrine and the act of state doctrine are presently before the Court, both of which counsel the Court to refrain from injecting itself into this case. See id. at 25-27.

In seeking the requested relief in their present motion, petitioners overlook the substantive challenges to the jurisdiction of the Court and to the justiciability of the case lodged by respondents in their response to the order to show cause. Instead, they simply assume that the Court has jurisdiction and that the Court's involvement in this case is appropriate. Although petitioners would like to rush to the merits of their habeas petition, the Court has not determined

that it has jurisdiction or that it would be appropriate to review the habeas petition.  The Court

has merely issued a preliminary injunction preventing the removal of petitioner "from United

States or MNF-I custody."  Order (dkt. no. 21) (Feb. 13, 2006).  In discussing the jurisdictional

arguments, the Court stated that "[w]ithout resolving the factual dispute between the parties, the

court determines that the case at bar 'raise[s] questions going to the merits so serious,

substantial, difficult and doubtful, as to make them fair ground for litigation . . . .'"

Memorandum Opinion at 6 (quoting Washington Metro. Area Transit Comm'n v. Holiday Tours,

Inc., 559 F.2d 841, 844 (D.C. Cir. 1977)).  The Court reached the same tentative conclusion with

respect to respondents' challenges under the doctrines of separation of powers, international

comity, political question, and act of state.  See id. at 12-13 (repeating statement that this case

presents serious and difficult questions requiring further inquiry).  As a result, in granting the

preliminary injunction, the Court did not decide that is has jurisdiction over this case or that this

case is justiciable.  Thus, the Court should refrain from entertaining petitioners' requests for

counsel access and discovery until it specifically addresses respondents' request to dismiss the

petition and the jurisdictional and justiciability issues are settled.  See, e.g., Steel Co. v. Citizens

for a Better Environment, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be

established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the

United States' and is 'inflexible and without exception.'") (quoting Mansfield, C. & L.M.R. Co.

v. Swan, 111 U.S. 379, 382 (1884)); Chavous v. District of Columbia Fin. Resp. Mgmt.

Assistance Auth., 201 F.R.D. 1, *2 (D.D.C. 2001) (explaining that "trial court has broad

discretion and inherent power to stay discovery until preliminary questions that may dispose of

the case are determined."); Anderson v. United States Attorneys Office, 1992 WL 159186, *1

-4-

(D.D.C. 1992) (stating that "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.").

## II.    DISCOVERY IS NOT WARRANTED IN THIS CASE.

In addition to the impropriety of the Court moving forward with discovery before the Court's jurisdiction and the case's justiciability have been determined, the Court should deny petitioners' request to order the parties to confer regarding the scope of discovery because discovery is not permitted as a matter of right in habeas cases and petitioners have not demonstrated that it is necessary in this particular case.  As explained more fully in Respondents' Opposition and Respondents' Response, which respondents adopt by reference and incorporate herein, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course," and "the 'broad discovery provisions' of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings."  Bracy v. Gramley, 520 U.S. 899, 904 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 295 (1969)); see also Respondents' Opposition at 35 n.13; Respondents' Response at 5-7.  Instead, a habeas petitioner must first demonstrate good cause to conduct discovery and obtain court permission.  See, e.g., Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (explaining that "[a] habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant," and that "discovery is available only in the discretion of the court and for good cause shown."); Al Odah v. United States, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004) (finding that Guantanamo Bay detainee habeas petitioners must first seek leave of court before conducting discovery and denying leave

to conduct discovery); <u>cf.</u> Rule 6(a) of the Rules Governing Section 2254 Cases[3] (requiring leave of court for good cause shown before discovery may be conducted). Here, petitioners have failed to establish good cause for the initiation of discovery at this point in the case. Moreover, such discovery would be exceedingly burdensome on members of the United States Armed Forces and would interfere with their roles and responsibilities in the MNF-I, resulting in further intrusion of the Judiciary into the realm of the Executive in violation of separation of powers principles.

<u>**CONCLUSION**</u>

For the reasons stated above, respondents respectfully oppose Petitioners' Motion and request that it be denied in all respects.

---

[3] The Rules Governing Section 2254 Cases can apply to other habeas corpus petitions, including habeas petitions, such as the present one, brought under 28 U.S.C. § 2241. <u>See</u> Rule 1(b) of the Rules Governing Section 2254 Cases.

Dated: March 2, 2006                          Respectfully submitted,

                                              PETER D. KEISLER
                                              Assistant Attorney General

                                              KENNETH L. WAINSTEIN
                                              United States Attorney

                                              /s/ Edward H. White
                                              JOSEPH H. HUNT (D.C. Bar No. 431134)
                                              VINCENT M. GARVEY (D.C. Bar No. 127191)
                                              EDWARD  H. WHITE (D.C. Bar No. 468531)
                                              ANDREW I. WARDEN (IN Bar No. 23840-49)
                                              Attorneys
                                              U.S. Department of Justice
                                              Civil Division, Federal Programs Branch
                                              20 Massachusetts Avenue, N.W.  Room 6110
                                              Washington, D.C. 20530
                                              Tel: (202) 514-5108
                                              Fax: (202) 318-4268
                                              email: ned.white@usdoj.gov

                                              Attorneys for Respondents