IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA K. OMAR, *et. al.*, | ) |
| Petitioners, | ) CIVIL ACTION NO. 05-2374 <br> ) (RMU) |
| v. | ) |
| FRANCIS J. HARVEY, *et. al.*, | ) |
| Respondents. | ) |

**PETITIONERS' REPLY TO RESPONDENTS' OPPOSITION AND MOTION
REQUESTING ACCESS TO COUNSEL**

Petitioners hereby respond to respondents' Opposition to Petitioner's Memorandum and Proposed Order Concerning Conference and Discovery Order (dkt. no. 24) (Mar. 2, 2006). Petitioners reiterate their urgent request that Mr. Omar be granted immediate access to counsel as is his undisputed right.

Over strenuous objections of respondents, *see* Respondents' Opposition to Petitioner' Ex Parte Motion for a Temporary Restraining Order (dkt. no. 12) (Feb. 7, 2006), this Court granted petitioners' motion for a preliminary injunction to maintain the status quo and to facilitate this litigation's progress, *see* Order Granting the Motion for a Preliminary Injunction (dkt. no. 21) (Feb. 13, 2006). As this Court observed, "this controversy presents serious, substantial and difficult questions that give rise to *the petitioner's right to present proof to support his claims.*" Mem. Op. (dkt. no. 21) (Feb. 13, 2006), at 1 (emphasis added). The Court's memorandum opinion and order, in short, left no doubt as to Mr. Omar's right to pursue meaningfully his habeas corpus petition in this Court.

On February 16, 2003, petitioners filed a memorandum and a proposed order, so Mr. Omar would be permitted to speak to his counsel after more than fifteen months' virtually incommunicado detention, and also to facilitate *discussions* with respondents about the scope of appropriate discovery. But instead of facilitating the presentation of proof envisaged by this Court's February 13, 2006 opinion and order, respondents have dragged their heels. They have represented that *no* discovery is warranted. Respondents' Opposition to Petitioners' Memorandum and Proposed Order Concerning Conference and Discovery Order (dkt. no. 24) (Mar. 2, 2006) at 5-6. Further, repackaging the very same objections they raised against injunctive relief, respondents argue that Mr. Omar's request for access to counsel is "inappropriate" and "premature." *Id.* at 1. Notably, respondents do not suggest they are unable to provide Mr. Omar access to counsel.

This Court has already noted "the petitioner's right to present proof to support his claims," a right that necessarily includes access to counsel. Mem. Op. (dkt. no. 21) (Feb. 13, 2006), at 1. In *Hamdi v. Rumsfeld*, the Supreme Court held that a U.S. citizen detained outside the United States "unquestionably has the right to access to counsel in connection with [habeas] proceedings" brought to challenge his detention. 542 U.S. 507, 539 (2004) (O'Connor, J., plurality op.); *id.* at 553-54 (opinion of Souter J.) (affirming right to counsel). The Supreme Court's holding makes clear that a habeas petition on behalf of a U.S. citizen in executive detention cannot proceed in a meaningful fashion if the petitioner is denied access to counsel. *Id*; *see also Padilla ex rel. Newman v. Bush*, 233 F. Supp. 2d 564, 599 (S.D.N.Y. 2002) (affirming U.S. citizen detainee's "right to present facts" and right to counsel in a habeas proceeding to challenge executive detention), *remanded* 352 F.3d 695 (2d Cir. 2003), *rev'd and remanded on other*

*grounds*, 542 U.S. 426 (2004). Moreover, every court in this District has extended the same right of access to counsel to the hundreds of non-citizens held at the Guantánamo Bay Naval Base, even though no court has yet granted relief to any of these detainees. *See, e.g., Al Odah v. United States*, 346 F. Supp. 2d 1, 5 (D.D.C. 2004) ("The Court finds that Petitioners are entitled to be represented by counsel pursuant to the federal habeas statute, 28 U.S.C. § 2241, the Criminal Justice Act, 18 U.S.C. § 3006A, and the All Writs Act, 28 U.S.C. § 1651."). If a non-citizen held outside the sovereign territory of the United States, and in an area the Government consistently describes as within the active theater of military operations, is entitled to meet and confer with counsel, it beggars belief that any U.S. citizen could be denied that very same right.

Respondents have already made a variety of serious factual accusations against Mr. Omar to justify his detention, all based on multiple levels of hearsay. *See* Decl. of John D. Gardner ¶¶ 3-4, *attached to* Respondents' Opposition to Petitioners' *Ex Parte* Motion for a Temporary Restraining Order (dkt. no. 12) (Feb. 7, 2006). Absent access to counsel, Mr. Omar simply cannot respond to the gamut of accusations leveled against him. *See Hamdi*, 542 U.S. at 533 (2004) (O'Connor, J., plurality op.) (detainees must have "a *fair* opportunity to rebut the Government's assertions before a neutral decisionmaker") (emphasis added); *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443, 467 (D.D.C. 2005) (same); *see also id.* at 469-70 (describing detainees' difficulty of responding to evidence that they personally have not been able to review); *cf. Lewis v. United States*, 146 U.S. 370, 373-74 (1892) (in the criminal context, a defendant's "life or liberty may depend upon the aid which, by his personal presence, he may give to

counsel").[1] In the present context, it is not possible for this habeas proceeding to move forward or for the Court to meet "its obligations" under the habeas statute and the Constitution unless Mr. Omar is provided direct access to his attorneys. Mem. Op. (dkt. no. 21) (Feb. 13, 2006), at 15.

Accordingly, petitioners request that the Court within seven days issue an order granting Mr. Omar access to counsel in person.[2]

Dated: March 9, 2006

Respectfully submitted,

/s/ Susan L. Burke
Susan L. Burke (D.C. Bar # 414939)
Heather L. Allred (admitted *pro hac vice*)
BURKE PYLE LLC
3527 Lancaster Avenue
Philadelphia, PA 19104
Telephone:   (215) 387-4705
Facsimile:   (215) 387-4713

Joseph Margulies (admitted *pro hac vice*)
MACARTHUR JUSTICE CENTER,
UNIVERSITY OF CHICAGO LAW
SCHOOL
1111 East 60th Street
Chicago, IL 60637
Telephone:   (773) 702-9560
Facsimile:   (773) 702-0771

---

[1] Counsel for petitioners, of course, are well aware of the need to move for leave to take discovery. In the interests of judicial economy, counsel merely sought to proceed initially by way of a conference with respondents' counsel to narrow the scope of issues. *See* LCvR 7(m). Respondents' opposition to *any* discovery demonstrates that such a conference would be fruitless. Accordingly, petitioners will seek leave to conduct discovery in due course.

[2] Counsel for petitioners believe that only in-person access to Mr. Omar suffices to permit meaningful prosecution of this action. "[T]he ability to communicate in private with counsel is a crucial part of . . . meaningful access" to counsel. *Al Odah*, 346 F. Supp. 2d at 11 n.12; *see also Mann v. Reynolds*, 46 F.3d 1055, 1061 (10th Cir. 1995) (invalidating prison policy preventing contact visits between inmates and attorneys because prison "policies will not be upheld if they unnecessarily abridge the defendant's meaningful access to his attorney and the courts") (internal quotation marks and citation omitted).

Aziz Z. Huq (admitted *pro hac vice*)
Jonathan Hafetz (admitted *pro hac vice*)
BRENNAN CENTER FOR JUSTICE,
NEW YORK UNIVERSITY LAW
SCHOOL
161 Avenue of the Americas
12th Floor
New York, NY 10013
Telephone: (212) 998-6730
Facsimile: (212) 995-4550

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I, Anne K. Heidel, hereby certify that on March 9, 2006, I caused to be served a true and correct copy of the forgoing Petitioners' Reply to Respondents' Opposition and Motion Requesting Access to Counsel, and proposed order, via electronic mail and U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

Edward H. White, Esq.
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6110
Washington, D.C. 20530

ned.white@usdoj.gov

_____
Anne K. Heidel