IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SANDRA K. OMAR, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-2374 (RMU) |
| FRANCIS J. HARVEY, *et al.*, | ) ) ) | |
| Respondents. | ) ) ) | |

## RESPONDENTS' RESPONSE TO PETITIONERS' REQUEST FOR RULING

Respondents hereby respond to "Petitioners' Request for Ruling on Conceded Motion for Access to Counsel" (dkt. no. 26) (Mar. 29, 2006) ("Petitioners' Request for Ruling"), in which petitioners mistakenly ask the Court to treat their request for counsel access as conceded and to grant Omar in-person access to counsel. Respondents object to this remarkable request, which is based on petitioners' mischaracterization of the current procedural posture and briefing cycle of this case. Contrary to petitioners' allegations, respondents have indeed filed a timely opposition to petitioners' motion for counsel access, and thus the Court should not treat petitioners' motion as conceded.

In Petitioners' Request for Ruling, petitioners fail to mention that they originally moved for counsel access on February 16, 2006 in their submission entitled "Memorandum and Proposed Order Concerning Conference and Discovery Order" (dkt. no. 23) (Feb. 16, 2006). Petitioners themselves refer to this Memorandum as a "motion" and therein specifically request that the Court "(1) direct respondents to grant petitioners' counsel access to Mr. Omar as expeditiously as possible, and (2) direct the parties to confer and discuss the appropriate scope of discovery concerning the lawfulness of Mr. Omar's continued detention." Memorandum at 1, 3;

see also id. at 2 (indicating that "[a]t this juncture, therefore, petitioners seek from the Court an order granting access to Mr. Omar and requiring the parties to confer and reach agreement regarding the appropriate scope of discovery."); Proposed Order attached to Memorandum.

On March 2, 2006, respondents timely filed "Respondents' Opposition to Petitioners' Memorandum and Proposed Order Concerning Conference and Discovery Order" (dkt. no. 24) (Mar. 2, 2006) in which respondents treated and identified petitioners' February 16 Memorandum as a "motion" and specifically opposed petitioners' requests for counsel access and a discovery conference. Respondents' Opposition at 1, 2-6. Respondents opposed petitioners' motion for counsel access and discovery in light of the fact that the Court's jurisdiction and the case's justiciability have not been settled. Id. Accordingly, respondents have, in fact, opposed petitioners' request for counsel access.

On March 9, 2006, petitioners then filed "Petitioners' Reply to Respondents' Opposition and Motion Requesting Access to Counsel" (dkt. no. 25) (Mar. 9, 2006) in which petitioners not only labeled their filing as a "REPLY," but specifically indicated therein that they were "respond[ing] to respondents' Opposition to Petitioner's Memorandum and Proposed Order Concerning Conference and Discovery Order" and merely "*reiterat[ing]* their urgent request that Mr. Omar be granted immediate access to counsel . . . ." Petitioners' Reply at 1 (emphasis added).[1] In light of this sequence of filings concerning petitioners' request for counsel access and of petitioners' own representations with respect to their filings, respondents logically and correctly understood the March 9 filing by petitioners to be a reply brief, not a separate and new

---

[1] Moreover, petitioners' March 9, 2006 filing was identified as a "Reply" on the Court's ECF system.

motion as petitioners now contend, and therefore concluded that another responsive filing by respondents was neither necessary nor appropriate under the Federal Rules of Civil Procedure or this Court's local rules.

As demonstrated, petitioners' assertion that respondents did not file an opposition to their motion for counsel access is entirely without merit and a direct result of petitioners' misunderstanding or mischaracterization of the procedural posture of their request.  Respondents have, in fact, opposed and continue to oppose petitioners' motion for counsel access for the reasons stated in Respondents' Opposition to Petitioners' Memorandum and Proposed Order Concerning Conference and Discovery Order (dkt. no. 24) (Mar. 2, 2006).  Accordingly, petitioners' request that the Court should treat their motion for counsel access as conceded and grant their motion should be denied out of hand.

Dated: March 30, 2006                              Respectfully submitted,

                                                PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

/s/ Edward H. White
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
EDWARD  H. WHITE (D.C. Bar No. 468531)
ANDREW I. WARDEN (IN Bar No. 23840-49)
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.  Room 6110
Washington, D.C. 20530
Tel: (202) 514-5108
Fax: (202) 318-4268

email: ned.white@usdoj.gov

Attorneys for Respondents