# Alternative Interrogation Techniques (Wish List)
## 4Th Infantry Division, ICE

**Open Hand Strikes (face and midsection) (no distance greater than 24 inches)**

Fairly self-explanatory.

**Pressure Point Manipulation**

Manipulation of specific points on the human body can cause acute temporary pain but cause no long term effects or damage.

**Close Quarter Confinement**

Confinement of subject in extremely close quarters. Discomfort induces compliance and cooperation.

**White Noise Exposure**

Overexposure of subject to noise found to be meaningless and many times monotonous to subject. Often used in conjunction with Sleep Deprivation.

**Sleep Deprivation**

An initial period of total deprivation (usually 12 to 24 hours) followed by regular and irregular sleep patterns over several days.

**Stimulus Deprivation**

The human mind requires stimulation, however small, to maintain resistance to suggestion, mental and emotional manipulation and self will. Subject is deprived of this stimulation for 12 to 24 hours during initial stages. Effects on subject's resistance are monitored with short intense interrogations (15-60 minutes at most). Subject's resistance will usually rapidly decay after 36 to 48 hours. This technique requires no physical pressure to be applied. However, subject must be carefully monitored.

*There are a number of "coercive" techniques that may be employed that cause no permanent harm to the subject. These techniques, however, often call for medical personnel to be on call for unforeseen complications. They include but are not limited to the following:

Phone Book Strikes
Low Voltage Electrocution
Closed-Fist Strikes
Muscle Fatigue Inducement

EXHIBIT D

6627

DOD 002854

**From:** ▇▇▇▇▇▇▇
**Sent:** Monday, August 18, 2003 2:16 AM    b2-2
**To:** ▇▇▇▇▇▇▇
**Subject:** RE: Taskers


Alternative
Interrogation Tech...

The attached document is the 4th Infantry Division's ICE suggestions if alternative interrogation techniques are authorized. All techniques not listed as "coercive" cause no lasting effects on the subject.

I apologize for tardiness, but my SIPRNET has been down for the last few hours.

▇▇▇▇▇▇▇ b6 5-7c5
TF IH CCP, Tikrit, IZ

-----Original Message-----
**From:** ▇▇▇▇▇▇▇   b2-2
**Sent:** Thursday, August 14, 2003 3:51 AM
**To:** ▇▇▇▇▇▇▇   b6 2
**Subject:** FW: Taskers

Sounds crazy, but we're just passing this on.

-----Original Message-----
**From:** ▇▇▇▇▇▇▇   b6-2
[mailto:▇▇▇]
**Sent:** Thursday, August 14, 2003 1:51 AM
**To:** ▇▇▇▇▇▇▇
**Cc:** ▇▇▇▇▇▇▇
**Subject:** Taskers

ALCON

Just wanted to make sure we are all clear on the taskers at hand

1- A list identifying individuals who we have in detention that fall under
the category of "unlawful combatants" I've included a definition form the
SJA folks:

In order to properly address your request for a legal definition of
the term "unlawful combatant," I must first provide you with a framework
of definitions with which to work. According to the Law of Land Warfare,
the term "combatant" is defined as anyone engaging in hostilities in an armed conflict on behalf of a party to the conflict. Combatants are

EXHIBIT E

1

6629

lawful targets, unless out of combat.  With that said, "lawful combatants" receive protections of the Geneva Conventions and gain combat
immunity for their warlike acts, as well as become prisoners of war if captured.  In comparison, "unprivileged belligerents," commonly referred
to as "unlawful combatants," may be treated as criminals under the domestic law of the captor.  Unprivileged belligerents may include spies,
saboteurs, or civilians who are participating in the hostilities.  The term "unlawful combatant" is not referenced, nor is it defined.  The term
that properly described these type of individuals is "unprivileged belligerents," and as stated before they may be treated as criminals under
domestic law.

   As far as an ROE that addresses the treatment of enemy combatants, specifically, unprivileged belligerents, we are unaware of any but we will
 continue to research the issue for you.  I hope this information has been
 helpful.

2- An additional list identifying who we have detained who are "Islamic extremist"

3- Immediately seek input from interrogation elements (Division/Corps)
   concerning what their special interrogation knowledge base is and more
   importantly, what techniques would they feel would be effective techniques
   that SJA could review (basically provide a list).

   Provide interrogation techniques "wish list" by 17 AUG 03.                    b6 2

The gloves are coming off gentleman regarding these detainees, ▓▓▓▓ has
made it clear that we want these individuals broken. Casualties are mounting
and we need to start gathering info to help protect our fellow soldiers from
any further attacks. I thank you for your hard work and your dedication.

MI ALWAYS OUT FRONT!


V/r



b6 2

2

6629

DOD 002856