IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| SANDRA K. OMAR, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-2374 (RMU) |
| | ) | |
| FRANCIS J. HARVEY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**RESPONDENTS' OPPOSITION TO PETITIONERS' EMERGENCY
RENEWED REQUEST FOR ACCESS AND MOTION FOR RECORDS**

Respondents hereby oppose, in part, petitioners' Emergency Renewed Request for Access and Motion for Records, (dkt. no. 29) (Apr. 21, 2006) ("Petitioners' Motion"), in which petitioners request counsel's in-person access to Shawqi Omar ("Omar") and seek a court order requiring the production of Omar's medical records and all photographs taken of him based on Omar's allegations regarding his treatment by MNF-I. See Petitioners' Motion at 1.

Respondents agree to counsel's request for in-person access to Omar provided that petitioners' counsel agree to conduct such visits in accordance with all MNF-I detainee visitation rules. There is thus no need for an order from the Court granting the request for counsel access. There is no legal or factual basis, moreover, for petitioners' request for an order from this Court requiring the production of Omar's medical records and photographs. Omar's allegations that his purported mistreatment occurred at the time of his capture in October 2004 – more than one and a half years ago – belies his sudden request for this relief on an "emergency" basis. In any event, a habeas petitioner is not automatically entitled to discovery, and, as explained in the declaration of Colonel Mark Seitsinger, Omar has not been abused or mistreated as he alleges.

<u>See</u> Declaration of Mark W. Seitsinger ("Seitsinger Decl.") ¶¶ 1-5 (attached as Exhibit A). As a result, there is no good cause to justify this Court ordering discovery of medical records and photographs in this habeas case. Furthermore, ordering the parties to engage in discovery would be premature due to the unsettled nature of the Court's jurisdiction and uncertainty as regards the justiciability of this habeas petition. Respondents, however, will treat Omar's request for the production of his medical records and photographs as a request under the Privacy Act and will process it accordingly.

As a result of respondents' decision to permit counsel in-person access to Omar and to treat Omar's request for medical records and photographs as a request under the Privacy Act that will be processed accordingly, there is no need for the Court to order any of the relief requested in Petitioners' Motion, and it thus should be denied.

## ARGUMENT

I. **RESPONDENTS AGREE TO COUNSEL'S REQUEST FOR IN-PERSON ACCESS TO OMAR.**

Respondents will agree to allow petitioners' counsel to meet with Omar in Iraq provided that petitioners' counsel agree to conduct such visits in accordance with all MNF-I detainee visitation rules in force at the time of the visit. <u>See</u> Detainee Visitation Rules and Guidelines (current version attached as Exhibit B) (setting forth current list of rules governing visits at Abu Ghraib and Camp Bucca). Respondents will provide petitioners' counsel with a point of contact in Iraq that counsel may use to schedule an in-person visit.[1]

---

[1] Petitioners' counsel will be responsible for making their own transportation and lodging arrangements in Iraq. Furthermore, the State Department has issued a travel advisory for Iraq and, as with any other civilians visiting Iraq, petitioners' counsel will be responsible for their own security arrangements.

**II.    COURT-ORDERED DISCOVERY OF OMAR'S MEDICAL RECORDS AND PHOTOGRAPHS IS NOT LEGALLY OR FACTUALLY WARRANTED IN THIS CASE, BUT RESPONDENTS WILL PROCESS OMAR'S REQUEST FOR SUCH MATERIALS UNDER THE PRIVACY ACT.**

Respondents oppose counsel's request for a court order requiring the production of Omar's medical records and photographs taken of him because there is no legal or factual basis for such relief in this habeas case.

As an initial matter, discovery is not permitted as a matter of right in habeas cases. As noted previously in Respondents' Opposition to Petitioners' Memorandum and Proposed Order Concerning Conference and Discovery Order, (dkt. no. 24) (Mar. 2, 2006) ("Respondents' Opposition"), "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course," and "the 'broad discovery provisions' of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings." Bracy v. Gramley, 520 U.S. 899, 904 (1997) (quoting Harris v. Nelson, 394 U.S. 286, 295 (1969)); see also Respondents' Opposition at 5-6. Instead, a habeas petitioner must first demonstrate good cause to conduct discovery and obtain court permission. See, e.g., Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (explaining that "[a] habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant," and that "discovery is available only in the discretion of the court and for good cause shown."); Al Odah v. United States, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004) (finding that Guantanamo Bay detainee habeas petitioners must first seek leave of court before conducting discovery and denying leave to conduct discovery); cf. Rule 6(a) of the Rules Governing Section 2254 Cases[2] (requiring leave of court for good cause shown before

---

[2] The Rules Governing Section 2254 Cases can apply to other habeas corpus petitions, including habeas petitions, such as the present one, brought under 28 U.S.C. § 2241. See Rule

-3-

discovery may be conducted).

Petitioners have failed to establish good cause for court-ordered discovery of Omar's medical records and any photographs taken of him. Petitioners claim that Omar was abused "upon his arrest on October 29, 2004," see Declaration of Susan L. Burke ¶ 6 (attached as Exhibit A to Petitioners' Motion), and thus it is astounding that over eighteen months later they now seek discovery of his medical records and photographs for this reason on a purported "emergency" basis. Nonetheless, contrary to petitioners' allegations, Omar has not been physically abused or beaten, nor has he been subjected to electric shocks. See Seitsinger Decl. ¶ 2. Similarly, contrary to petitioners' allegations, Omar has not been threatened that he could be killed or that his son or wife would be raped if he did not provide information. Id. ¶ 3. Moreover, Omar's allegations of abuse already have been investigated and determined to be unfounded. Id. ¶ 5. The only support for Omar's allegations are his own unsworn statements as relayed by habeas counsel.³ See Declaration of Susan L. Burke (attached as Exhibit A to Petitioners' Motion). Such statements as relayed by counsel are not sufficient to overcome the sworn declaration of Colonel Seitsinger, which directly refutes Omar's claims. There is thus no factual basis for a court order requiring the production of Omar's medical records or any photographs taken of him.

The Court also should not act on petitioners' discovery requests before its jurisdiction has

---

1(b) of the Rules Governing Section 2254 Cases.

³ Each of the other exhibits referenced in and attached to Petitioners' Motion pertain to entirely separate facilities at Guantanamo Bay, Cuba or to other detainees, and their veracity has not been established. At the very least, the rumors and innuendos regarding abusive treatment reported in these documents have no probative value whatsoever with respect to Omar's allegations that he was mistreated upon his capture in Iraq.

been decided or before the justiciability of the habeas petition has been established.  As discussed previously in Respondents' Opposition, respondents have asserted that the Court lacks jurisdiction over Omar's habeas petition and that this case is not justiciable for various reasons. Respondents' Opposition at 2-5.  The Court has not yet ruled on these issues or on respondents' request to dismiss the petition on these grounds.  See Respondents' Response to Order to Show Cause Supporting Dismissal of the Petition for Habeas Corpus (dkt. no. 20) (Feb. 9, 2006).  The Court thus should refrain from requiring respondents to proceed with discovery before it is determined that the Court has jurisdiction over the habeas petition and whether this case is otherwise justiciable.  See, e.g., Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)); United Transport Serv. Employees of America, CIO v. Nat'l Mediation Board, 179 F.2d 446, 454 (D.C. Cir. 1949) (explaining that where a court lacks jurisdiction over a cause of action, "[a] defendant should not be put to the trouble and expense of any further proceeding, and the time of court should not be occupied with any further proceeding . . . .").  In addition, the jurisdiction and justiciability issues in this case will soon be considered by the Court of Appeals as a consequence of respondents' appeal of the Court's preliminary injunction order, further counseling the Court to refrain from granting petitioners' discovery requests at this time.  See Notice of Appeal (dkt. no. 28) (Apr. 14, 2006).

     Finally, petitioners' request for court-ordered discovery of Omar's medical records and photographs should be denied because such an order is unnecessary.  Respondents understand

that Omar has signed a waiver permitting the release of information about him. Accordingly, respondents will treat petitioners' motion as a request by Omar for his medical records and photographs under the Privacy Act, 5 U.S.C. § 552a(d)(1), and will process his request for this information pertaining to him according to their policies governing Privacy Act requests.

As demonstrated, there is no legal or factual basis for the Court to order the production of Omar's medical records and photographs. The Supreme Court has advised lower courts generally to "proceed with the caution that is necessary" and to take only "prudent and incremental" steps when faced with such novel issues pertaining to petitions for writs of habeas corpus from war-time detainees. Hamdi v. Rumsfeld, 124 S. Ct. 2633, 2652 (2004) (plurality opinion). Petitioners' motion for "emergency" relief, thus, should be denied.

## **CONCLUSION**

For the reasons stated above, respondents agree to petitioners' counsel's request for in-person access to Omar, subject to compliance with established terms and conditions for counsel visits. Respondents, however, respectfully oppose petitioners' request for a court order requiring discovery of Omar's medical records and photographs and ask that it be denied.

Dated: May 5, 2006 Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

/s/ Edward H. White
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
EDWARD  H. WHITE (D.C. Bar No. 468531)
ANDREW I. WARDEN (IN Bar No. 23840-49)
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.  Room 6110
Washington, D.C. 20530
Tel: (202) 514-5108
Fax: (202) 318-4268
email: ned.white@usdoj.gov

Attorneys for Respondents