IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA K. OMAR, *et. al.*,<br>    Petitioners,<br><br>v.<br><br>FRANCIS J. HARVEY, *et. al.*,<br>    Respondents. | )<br>)<br>)  CIVIL ACTION NO. 05-2374 (RMU)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PETITIONERS' REPLY IN SUPPORT OF
### EMERGENCY RENEWED REQUEST FOR ACCESS AND
### MOTION FOR RECORDS

Undersigned counsel for Petitioners moved for access to their client, Shawqi Omar, and to his medical records. This Reply responds to Respondents' opposition to Petitioners' motion.

*First*, although Respondents claim to have conceded that undersigned counsel should have access to Mr. Omar, they impose unreasonable conditions on that access. In practical effect, these restrictions render access unavailable. Respondents propose that undersigned counsel endanger themselves (at great expense) by traveling to Iraq for a *one-hour* visit with Mr. Omar. Respondents further propose that counsel make their own security arrangements in Iraq even though Mr. Omar is detained by United States Armed Forces personnel in a United States-controlled military facility. Under these circumstances, with the security situation in Iraq fraught with mortal risk,[1] it is incumbent on Respondents to facilitate safe and meaningful access. In

---

[1] "The Department of State continues to strongly warn U.S. citizens against travel to Iraq, which remains very dangerous. . . . [A]ttacks have resulted in deaths and injuries of American citizens, including those doing humanitarian work. In addition, there have been planned and random killings, as well as extortions and kidnappings. U.S. citizens have been kidnapped and several were subsequently murdered by terrorists in Iraq." U.S. Department of State, "Travel Warning," *available at* http://travel.state.gov/travel/cis_pa_tw/tw/tw_921.html (last visited May 16, 2006).

addition, Respondents, having monitored all of Mr. Omar's telephone calls to counsel, fail to provide assurances that the attorney-client visit would be unmonitored.

Respondents' proposed "access" is plainly insufficient for meaningful representation. *See Bounds v. Smith*, 430 U.S. 817, 822 (1977) (prisoner access to courts must be "adequate, effective, and meaningful"). As another Court in this District held in rejecting the government's attempt to impose undue restrictions on habeas petitioners' access to counsel, "[p]etitioners' access to attorneys is not a matter of Government discretion." *Al Odah v. United States*, 346 F. Supp. 2d 1, 10 (D.D.C. 2004). This Court unquestionably has power to fashion procedures to facilitate Mr. Omar's access to counsel and to the Court. *Al-Joudi v. Bush*, 406 F. Supp. 2d 13, 21 (D.D.C. 2005).

Petitioners respectfully ask this Court to exercise its power to require Respondents to bring Shawqi Omar to the United States, as has been done with other United States citizens imprisoned abroad. *See, e.g., Hamdi v. Rumsfeld*, 542 U.S. 507 (2004); *United States v. Lindh*, Crim. No. 02-37A (E.D. Va. Jul. 15, 2002) (statement of facts), *available at* http://news.findlaw.com/legalnews/us/terrorism/cases/index.html (last visited May 15, 2006). Indeed, the habeas corpus statute contemplates no less. 28 U.S.C. § 2243. Counsel further note that military detention facilities exist within the United States secure enough to hold alleged enemy combatants such as Yaser Hamdi and Jose Padilla.

Respondents control Mr. Omar's custody and have the ability to transport him between different locations. Indeed, Respondents have repeatedly shuttled Mr. Omar back and forth to various prisons within Iraq over the past eighteen months to serve the convenience of the military. Respondents, therefore, could easily transport Mr. Omar from Iraq to the United States to permit undersigned counsel the meaningful access that is required by the Constitution and the

federal habeas statute.  In short, this is not a case in which military exigencies bear on the feasibility of access.[2]  Petitioners, accordingly, request that this Court order the Respondents to transport Mr. Omar to the continental United States.  A proposed order is attached.

*Second*, Petitioners moved for access to Mr. Omar's medical records and photographs, which likely document Mr. Omar's torture during United States imprisonment.  Respondents do not deny that the medical records and photographs sought by Petitioners exist.  Instead, Respondents attach the self-serving affidavit of Colonel Mark W. Seitsinger baldly asserting the United States does not permit the mistreatment or abuse of detainees.  But a mere statement of United States' policy against mistreatment and abuse does not resolve the matter.  It is a matter of public record that policies against physical abuse have been violated in Iraq and elsewhere by members of the Armed Forces.  Colonel Seitsinger's declaration simply fails to address the *factual* questions raised by Mr. Omar's detention.

Respondents also profess that an order granting discovery is unnecessary because they (Respondents) will process Petitioners' discovery requests through the Privacy Act at some uncertain future date.  But again, as with counsel access, discovery is not and ought not be at the discretion of Respondents.  *See Harris v. Nelson*, 394 U.S. 286, 300 (1969).  Petitioners, therefore, respectfully request that the Court issue an order allowing discovery in furtherance of the habeas action.  A proposed Order is attached.

Dated:  May 17, 2006                                    Respectfully submitted,


/s/Susan L. Burke
Susan L. Burke (D.C. Bar # 414939)
Heather L. Allred (admitted *pro hac vice*)
BURKE PYLE LLC
3527 Lancaster Avenue

---

[2] Respondents can hardly suggest that a visit by Mr. Omar's counsel to his present detention facility is feasible while insisting that Mr. Omar himself cannot be transported out of the zone of ongoing military operations.

Philadelphia, PA 19104
Telephone:     (215) 387-4705
Facsimile:      (215) 387-4713

Joseph Margulies (admitted *pro hac vice*)
MACARTHUR JUSTICE CENTER,
UNIVERSITY OF CHICAGO LAW SCHOOL
1111 East 60th Street
Chicago, IL  60637
Telephone:     (773) 702-9560
Facsimile:      (773) 702-0771

Aziz Z. Huq (admitted *pro hac vice*)
Jonathan Hafetz (admitted *pro hac vice*)
BRENNAN CENTER FOR JUSTICE, NEW
YORK UNIVERSITY LAW SCHOOL
161 Avenue of the Americas, 12th Floor
New York, NY  10013
Telephone:     (212) 998-6730
Facsimile:      (212) 995-4550

*Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I, Heather L. Allred, hereby certify that on May 17, 2006, I caused to be served a true and correct copy of the foregoing Reply in Support of Petitioners' Request for Access and Motion for Records via electronic mail and U.S. First Class Mail, postage prepaid, upon the following individual at the address indicated:

> Edward H. White, Esq.
> U.S. Department of Justice
> Civil Division, Federal Programs Branch
> 20 Massachusetts Avenue, N.W., Room 6110
> Washington, D.C. 20530
>
> ned.white@usdoj.gov

_____
Heather L. Allred