IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA K. OMAR, et. al., )<br>　　　　　Petitioners, )<br>　)<br>v. )<br>　)<br>PETE GEREN, et. al., )<br>　　　　　Respondents. )<br>　)<br>　) | CIVIL ACTION NO. 05-2374<br>(RMU) |

**MOTION FOR IMMEDIATE DISCHARGE FOR FAILURE TO ANSWER THE WRIT**

Petitioners Sandra K. Omar, Ahmed Omar, and Shawqi Omar ("Mr. Omar") respectfully request the Court to reach the merits of Mr. Omar's petition and to grant his immediate release from custody. It has been more than eighteen months since this Court first issued an Order to Show Cause with respect to Mr. Omar's habeas petition. *See Omar v. Harvey*, Order Granting Motion for Order to Show Cause, (dkt. 4) (Jan. 20, 2006) (ordering Respondents to show cause "why the writ should not be granted"). In light of Respondents' failure to respond adequately to the Order to Show Cause, and their failure to provide a more substantial response now, Petitioners respectfully request this Court to reach the merits of Mr. Omar's petition and, adjudicating them on the existing record, order his immediate release.

**A.** **Procedural Background**

On December 12, 2005, Petitioners filed a petition for Writ of Habeas Corpus challenging Mr. Omar's prolonged detention by the United States. *See* Pet'n for Writ of Habeas Corpus (dkt. 1) (Dec. 12, 2005). On January 20, 2006, this Court issued an

Order granting Petitioners' Motion for Order to Show Cause. *See* Order Granting Motion for Order to Show Cause, (dkt. 4) (Jan. 20, 2006). A little more than two weeks later, Respondents filed a nine-page response focusing on jurisdictional—and not merits—issues. *See* Resp'ts Resp. to Order to Show Cause Supporting Dismissal of the Pet'n for Habeas Corpus (dkt. 20) (Feb. 9, 2006). In that pleading, Respondents' argued at length that this Court lacked jurisdiction over Mr. Omar's habeas petition. *See id.* at 2-7. In nine pages, Respondents devoted one stray and ambiguous sentence to the merits question of whether Mr. Omar's detention was lawful. *Id.* at 7 ("Respondents have previously submitted materials that adequately demonstrate the factual and legal basis for Mr. Omar's detention."). That sentence, however, did not in fact address the petition, or provide facts responsive to this Court's January 20, 2006, Order to Show Cause.

Accordingly, this Court and then the Court of Appeals addressed the *jurisdictional* question pressed in the Government's filing. This Court rejected the Government's sweeping jurisdiction-stripping argument and denied the motion to dismiss. *See Omar v. Harvey*, 416 F. Supp. 2d 19 (D.D.C. 2006). On appeal, the Court of Appeals for the District of Columbia Circuit confirmed unequivocally that this Court "has jurisdiction to entertain Omar's habeas petition." *Omar v. Harvey*, 479 F.3d 1, 9 (D.C. Cir. Feb. 9, 2007), *reh'g en banc denied sub nom. Omar v. Geren*, No. 06-5126 (May 24, 2007). On June 15, 2007, after denial of the Respondents' motion for en banc rehearing, the Court of Appeals issued its mandate. *See Omar v. Geren*, Mandate of United States Court of Appeals, (dkt. 34) (June 15, 2007, docketed June 27, 2007). Jurisdiction in this Court thereafter resumed.

Respondents, however, did not and to this date have not filed any Answer addressing the merits of the case—despite the fact that an Order to Show Cause was issued more than eighteen months ago. Out of an abundance of caution, on June 20, 2007, Petitioners filed a Renewed Motion for Order to Show Cause, Access and Discovery. *See Omar v. Geren*, Renewed Motion for Order to Show Cause, Access and Discovery (dkt. 33) (Jun. 20, 2007). More than one month has elapsed since that time without any responsive pleading from Respondents. Nor have Respondents sought a stay pending submission of a petition for certiorari in the Supreme Court.

In light of Respondents' inaction and the consequent prolonged delay and continuation of Mr. Omar's detention, Petitioners respectfully seek action from this Court to address the Government's persistent failure to respond meaningfully to the merits of this case, a failure that results in the prolonged illegal detention of Mr. Omar.

**B.     This Court Should Reach The Merits Of Mr. Omar's Petition And Order His Immediate Release**

Respondents have not responded adequately to this Court's January 20, 2006, Order to Show Cause. Petitioners therefore respectfully request that this Court reach the merits of Mr. Omar's petition—and on the basis of the inadequate answer supplied by the Respondents order his release.

Once a court issues an Order to Show Cause, a respondent must answer the petition. *Cf.* Rules Governing §2254 Cases 5(a) ("The respondent is not required to answer the petition unless a judge so orders"). Respondents, however, have never even attempted to respond adequately to this Court's January 2006 Order to Show Cause. One

stray sentence alluding to the possibility that jurisdiction-related affidavits might demonstrate the factual and legal bases for Mr. Omar's detention does not amount to a responsive answer.

Indeed, the Respondents have failed to file the necessary answer in response to the Order to Show Cause from eighteen months ago. In a habeas proceeding, "[t]he Answer [once ordered] must address the allegations in the petition." Rules Governing §2254 Cases Rule 5(b). Hence, "[t]he custodian's response to a habeas corpus petition is not like a motion to dismiss." *Browder v. Dir. Ill. Dep't of Corr.*, 434 U.S. 257, 269 n.14 (1978). It "must respond to the allegations of the petition." Advisory Committee Note to Rule 5 of the Rules Governing Habeas Cases, 1976 Adoption. Respondents' response to the Order to Show Cause, filed on February 9, 2006, focused on jurisdictional arguments. But it wholly failed to "respond to the allegations of the petition." Further, eighteen months after this Court issued an Order to Show Cause, and one month after the Court of Appeals' mandate issued, respondents have neither filed a proper and responsive answer nor sought a stay pending the filing of an application for certiorari review in the Supreme Court.

Under these circumstances, federal courts have uniformly held that the proper course of action is for the court to proceed to the merits of the petition: "[C]ourts have held that when the Government fails to file a timely response, the district court should review the merits of the petition 'as if it had received a return.'" *Stines v. Martin*, 849 F.2d 1323, 1324 (10th Cir. 1988) (citations omitted); *accord Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (holding that "the district court should have proceeded," in the absence of a return to an order to show cause, "as if it had received a return from the state

authorities."); *Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984) (holding that when state failed to respond, district court should have reached the merits of habeas petitioner's claim); *United States ex rel. Mattox v. Scott*, 507 F.2d 919, 924 (7th Cir. 1974) (holding that once the deadline for filing a return had passed, "the district court must proceed to consider the petition as if a return had been properly made.").

"By failing to address the merits of petitioner's claim, respondent has waived any substantive defenses to the merits of this claim." *Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 828 (E.D. Mich. 2004); *see also In re Sears*, 152 F. Supp. 55, 57-58 (S.D. Cal. 1957) (holding that facts alleged in a habeas petition, verified by the petitioner and not denied by a response, should be taken as true). In the absence of a timely response, Courts have adjudicated the petition on the basis of the facts alleged in the petition. *See also Beall v. Cockrell*, 174 F. Supp. 2d 512, 517-18 (N.D. Tex. 2001) (refusing to consider untimely answer); *accord Bennett v. Collins*, 835 F. Supp. 930, 935-36 (E.D. Tex. 1993). "In a petition for a writ of habeas corpus, verified by the oath of the petitioner," the Supreme Court has explained, "facts duly alleged may be taken to be true, unless denied by the return, or controlled by other evidence." *Whitten v. Tomlinson*, 160 U.S. 231, 242 (1895). Here, respondents have supported their jurisdictional arguments with only a *de minimus* amount of multiple-hearsay evidence larded with inflammatory accusations against Mr. Omar. But they have not pointed to a shred of competent proof that his detention is in fact lawful. Absent adequate legal authority or factual explanation from the Respondents, the only course that remains is for this Court to order Mr. Omar's immediate release.

Finally, Respondents' continued delay in this proceeding only sharpens the case for such immediate action. Swiftness in the habeas context is key because if the challenged detention is found unlawful, each day spent in incarceration is time that should have rightfully been enjoyed as a free person. *See Peyton v. Rowe*, 391 U.S. 54, 63 (1968) ("[A] principal aim of the writ [of habeas corpus] is to provide for swift judicial review of alleged unlawful restraints on liberty."). Expeditious resolution is especially warranted here because Petitioners' claim of unlawful detention is fully established by the allegations contained in the original petition.

Given the Court of Appeals' unequivocal holding that this Court has jurisdiction over Mr. Omar's habeas petition, and Respondents' unexplained and unjustifiable failure to respond to that petition or seek a stay pending certiorari review, there is no cause for further delay in resolving this case. Petitioners therefore request the immediate discharge of Mr. Omar from custody.

                                                Respectfully submitted,

                                          /s/ Susan L. Burke            .
                                     Susan L. Burke (D.C. Bar. No. 414939)
                                     Katherine Hawkins
                                     BURKE O'NEIL LLC
                                     4112 Station Street
                                     LAW SCHOOL
                                     Philadelphia, PA 19127
                                     Telephone:    (215) 487-6590
                                     Facsimile:    (215) 482-0874

                                     Jonathan Hafetz
                                     Aziz Huq
                                     BRENNAN CENTER FOR JUSTICE
                                     NEW YORK UNIVERSITY LAW SCHOOL
                                     161 Avenue of the Americas
                                     New York, NY 10013

Telephone: (212) 998-6730

Facsimile: (212) 995-4550

Joseph Margulies
MACARTHUR JUSTICE CENTER
NORTHWESTERN UNIVERSITY LAW
SCHOOL
357 East Chicago Avenue
Chicago, IL 60611
Telephone: (312) 503-0890
Facsimile: (312) 503-1272

Eric M. Freedman
HOFSTRA LAW SCHOOL
121 Hofstra University
Hempstead, N.Y. 11549
Telephone: (516) 463-5167
Facsimile: (516) 463-5129
*Counsel for Petitioner*

Dated: July 26, 2007

**CERTIFICATE OF SERVICE**

      I, Katherine Hawkins, do hereby certify that on the 26th of July, 2007, I caused true and correct copies of the foregoing document to be served via electronic mail and first class mail, upon the following individuals at the addresses indicated:

Edward H. White, Esq.
U.S. Department of Justice
20 Massachusetts Avenue, NW
Room 6110
Washington, DC 20530

Jonathan H. Levy, Esq.
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Avenue, NW, Rm 7231
Washington, DC 20530-0001

Lewis S. Yelin, Esq.
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 7318
Washington, D.C. 20530

                                                  Katherine Hawkins