IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA K. OMAR, et. al., )<br>    Petitioners, )<br> )<br>v. )<br> )<br>PETE GEREN, et. al., )<br>    Respondents. )<br> )<br> ) | CIVIL ACTION NO. 05-2374<br>(RMU) |

**PETITIONERS' REPLY TO RESPONDENTS' OPPOSITION TO THE MOTION FOR DISCHARGE**

Respondents' opposition contains two responses to Petitioners' request that this Court "reach the merits of Mr. Omar's petition and, adjudicating them on the existing record, order his immediate release." Motion for Immediate Discharge for Failure to Answer the Writ at 1, (dkt. 35) (July, 26, 2007) ("Motion"). Both, in effect, seek further delay of this habeas challenge to an American citizen's indefinite detention by the United States. First, Respondents seek a stay of indefinite duration in order to debate their litigation strategy. *See* Resp'ts' Opposition to Pet'r's Motion for Immediate Discharge at 1, 8-11, (dkt. 37) (Aug. 1, 2007) ("Opposition"). Second, Respondents ask for another "20 days … to respond to any new Show Cause Order" in order to assemble a factual record. *Id.* at 12. Petitioners respectfully submit that neither request is timely or appropriate. Both should be denied.

Instead, this Court should proceed to the merits of the legal and factual questions presented by Mr. Omar's petition. In order to properly litigate his case, Petitioner Mr.

Shawqi Omar ("Mr. Omar") requires, *inter alia*, access to counsel and access to medical records that relate to his treatment while in U.S. custody. Petitioners therefore reiterate their request, made by motion on April 21, 2006, for access to counsel and for medical records. *See* Emergency Renewed Request for Access and Motion for Records (dkt. 29) (April, 21, 2006).

## I. Respondents' Tardy Request for A Stay Should Be Denied

In lieu of reaching the merits, Respondents contend, "this Court should … maintain the status quo." Opposition at 1. Artful phrasing cannot conceal what Respondents at bottom seek: a stay. But tellingly, Respondents are unwilling to call their request by its proper name. Nor do Respondents specify a duration for their proposed stay. Instead, they point to two *potential* events in the future to justify the stay—the *possibility* that "the Solicitor General makes a determination on whether to file a petitioner for a writ of certiorari with the Supreme Court," and the *possibility* that the High Court grants an already-filed petition for a writ of certiorari in a separate case, *Munaf v. Geren*, 482 F.3d 582 (D.C. Cir. 2007), *pet'n for cert. filed* June 13, 2007. *See* Opposition at 1, 8.

As a threshold matter, Respondents have forfeited any entitlement to a stay pending any certiorari petition (let alone one of uncertain duration) by failing to employ in a timely fashion the appropriate procedural avenue for requesting such relief. That avenue lies in the Court of Appeals, not here. *See* Fed. R. App. P. 41(d)(2) (allowing the grant of a stay pending certiorari if there is a "substantial question" of law and "good cause for a stay" and providing that such a motion "must be served on all parties"). Under Appellate Rule 41, moreover, a stay is not granted automatically, but solely for

"good cause," and only on timely notification to all parties.  *See also* D.C. Cir. Rule 41(a) (requiring a motion for a stay to be "timely").  Yet Respondents failed to file *any* motion seeking a stay in the Court of Appeals before issuance of that court's mandate.  *Cf. Omar v. Geren*, Mandate of United States Court of Appeals, (dkt. 34) (June 15, 2007, docketed June 27, 2007).  Instead, they waited more than a month after the mandate's issuance before even raising the possibility of a stay in any filing (and then, only in an opposition).  Respondents hence not only declined to avail themselves of the designated method for seeking a stay pending action by the Supreme Court, but also deliberately failed to act in a timely fashion, and then only raised the possibility of a stay belatedly in response to a motion from Mr. Omar.

Under these circumstances, a district court ought not to, and indeed cannot, remedy the Respondents' forfeiture without contravening the mandate issued by the Court of Appeals that returned plenary jurisdiction to this Court.  *See, e.g., Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347 (E.D. Miss. 1990) (after appeal of jury verdict, stating "[t]he power of a district court to grant a stay of judgment pending appeal terminates when the Court of Appeals issues its mandate"); *see also United States v. Lentz*, 352 F. Supp. 2d 718, 726-27 (E.D. Va. 2006) (holding, in a criminal case, that "there is no authority to issue a stay or a continuance pending resolution of a party's *certiorari* petition where, as here, the party already sought and failed to obtain a stay of the circuit court's mandate when the case was on appeal" because "such a stay would be inconsistent with the spirit of the … mandate" (emphasis in original)); *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F. Supp. 78, 80 (S.D.N.Y. 1983) (concluding that a district courts lacks statutory authority to grant a stay of the mandate

3

pending a petition for certiorari, and that "[i]t is not an appropriate function for this court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court"); *accord United States v. Evans*, 2006 WL 2872723, at *1, 2006 U.S. Dist. LEXIS 74020, at *2 (W.D. Va. Oct. 9, 2006); *cf. United States v. Holland*, 1 F.3d 454, 455-56 (7th Cir. 1993) (noting that a Court of Appeals can grant a stay after the mandate's issuance, but that this would require that court to withdraw that mandate, which is done only under "exceptional circumstances").[1]

Further, it is *Respondents'* request here that is extraordinary and notably burdensome. Respondents concede that notwithstanding the passage of almost six months since the Circuit Court's opinion, including the lapse of forty-five days since the issuance of that court's mandate, they have not even decided whether to seek review by writ of certiorari from the Supreme Court. *See* Opposition 1, 8 (requesting a stay "until the Solicitor General makes a determination"); *see also id.* at 9, n.7 (stating that the Court will be informed "as soon as the Solicitor General makes a decision" *or* seeks an extension of time for the filing of a certiorari petition).[2] Respondents, that is, seek delay in order to deliberate further on their litigation strategy. Meanwhile, Respondents concede that the Government still has not assembled a factual record to defend its decision to detain Mr. Omar *more than two-and-a-half years after his initial detention*.

---

[1] Respondents' argument that a stay is warranted because of the petition for certiorari filed in *Munaf v. Geren* suffers from the same lack of timeliness. The Court of Appeals' decision in *Munaf v. Geren*, 482 F. 3d 582 (D.C. Cir. 2007), issued on April 6, 2007. Petitioners in that litigation filed a petition for a writ of certiorari on June 13, 2007. *See* Pet'n for Cert. in *Munaf v. Geren*, 482 F. 3d 582 (D.C. Cir. 2007), filed June 13, 2007. Hence, Respondents were well aware not only of the ruling in *Munaf* but also of the certiorari petition filed in that case. Respondents thus could have sought a stay pending certiorari review of the Court of Appeals' ruling in *Munaf*—but failed to do so. Undersigned counsel for Petitioners represent both Mr. Munaf and Mr. Omar.

[2] The office of the Solicitor General, indeed, contacted undersigned counsel this week and indicated that they would be seeking additional time to decide litigation strategy and determine the contents of their reply to the petition for certiorari in *Munaf*.

4

*See id.* at 10-11. Appellate Rule 41 envisages the grant of stay solely when there is "good cause" for a stay—not when litigants tarry for months on end to debate their litigation position or cast about for facts advantageous to their side.[3]

In short, Respondents' veiled request for a stay pending action by the Supreme Court is untimely, procedurally inappropriate because filed in a district court, and wholly inappropriate given the Government's failure even to decide whether they wish to seek *certiorari* review. Petitioners respectfully urge that it be denied.

## II. Respondents' Request To File A New Return Should Also Be Denied as Untimely

Respondents' request for an additional twenty days for a supplemental filing on its putative justifications for Mr. Omar's detention should also be denied because it too is untimely. Having held Mr. Omar in their custody almost three years—and having long been on notice that citizens detained overseas can vindicate their constitutional rights through habeas corpus—Respondents have no cause for further delay of this litigation to the substantial detriment of Mr. Omar.

Petitioners do not seek "what amounts to a default judgment." Opposition 7-8. Petitioners rather request that this Court "reach the merits" of Mr. Omar's petition and adjudicate them. Motion 1. With respect to the merits, Respondents vigorously protest that they have not failed to file a return, arguing instead that they "incorporated by reference and referred this Court to" a declaration filed by Major General John D.

---

[3] Respondents also rehash the political argument of their jurisdictional briefs in contending that the burdens of assembling evidence merit further delay. *See* Opposition 10-11. Yet the burdens of collecting evidence have not prevented the Government from detaining a U.S. citizen without access to the federal courts for almost three years now, and it should not warrant delay in the judicial determination of whether Mr. Omar's detention is unlawful.

Gardner.  *See* Opposition 2-8.  They thus contend that "here the Government did, in fact, timely respond to the Show Cause Order." *Id.* at 6.

The Court should take Respondents at their word:  The Court should thus treat their filings to date as the return to Mr. Omar's habeas petition.[4]  If it is the Respondents' position that their response sufficed for the purposes of the habeas statute and rules, there is no reason why the Court cannot now proceed toward the merits of Mr. Omar's detention.  Respondents cannot have it both ways:  Either they have responded to the Order to Show Cause, or they have forfeited their opportunity to do so through tardiness.  Either way, Mr. Omar now has been waiting more than eighteen months for his day in court, and there is no justification for further delay.

Respondents, however, seek yet further time to compile a factual record to support their two-year-plus detention of Mr. Omar.  *See* Opposition 12.  This dilatory request comes almost three years after Mr. Omar's arrest, more than eighteen months after he first sought habeas relief, and more than two months after the Court of Appeals denied en banc rehearing.  This is simply not a case in which the Government has been asked to "quickly assembl[e]" a record.  *Id.* at 11.  It is a case in which the Government is being asked to meet its constitutional obligations when it detains a U.S. citizen overseas—precisely as envisaged by the Supreme Court in *Hamdi v. Rumsfeld*, 542 U.S. 507 (2004).  Respondents thus had ample notice of their obligations in this litigation and

---

[4] Respondents' extraordinary suggestion that they can circumvent the established procedures for returns in habeas proceedings by "incorporat[ing] by reference" otherwise-filed documents should be rejected.  Opposition 3.  *Cf. Price v. Johnston*, 334 U.S. 266, 292 (1948) (noting that, in alleging abuse of the writ, the Government must make "that claim with clarity and particularity in its return"); *see also Bland v. Cal. Dep't of Corr.*, 20 F. 3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations in the petition and traverse, it essentially admits those allegations), *overruled in part on other grounds by Schell v. Witek*, 218 F.3d 1017, 1024-25 (9th Cir. 2000).

6

the Government should not be given further time to debate litigation strategy or to fish for new facts as the three-year anniversary of Mr. Omar's detention approaches.[5]

Under such circumstances, Mr. Omar's entitlement to adjudication on the merits is undeniable. As a threshold matter, that entails meaningful access to counsel—denied now for more than eighteen months—and also access to medical records reflecting his treatment in U.S. custody, as requested by the April, 21, 2006 motion for access and records. *See* Emergency Renewed Request for Access and Motion for Records (dkt. 29) (April, 21, 2006). Petitioners again urge the Court to rule on that motion since it is beyond doubt that a habeas petitioner such as Mr. Omar has the right to "meaningful access to the courts." *Bounds v. Smith*, 430 U.S. 817, 824 (1977); *cf. Omar v. Harvey*, 479 F.3d 1, 9 (D.C. Cir. 2007) (noting that this Court "has jurisdiction to entertain Omar's habeas petition"), *reh'g en banc denied sub nom. Omar v. Geren*, No. 06-5126 (May 24, 2007). For Mr. Omar "in particular, access to the Court means nothing without access to counsel." *Al-Joudi v. Bush*, 406 F. Supp. 2d 13, 22 (D.D.C. 2005) (J. Kessler). As in *Al-Joudi*, unless counsel for Mr. Omar has "access to their clients, and know their true medical conditions," their ability to "present their claims to the Court will be irreparably compromised." *Id.; see also Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) ("'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an

---

[5] Respondents' argument that Petitioners should have pushed for merits adjudication earlier, *see* Opposition 4, bafflingly ignores the fact that Respondents themselves timely filed a notice of appeal from the February 13, 2006, order from this Court granting a temporary restraining order. *See* Notice of Appeal, (dkt. 28) (April, 14, 2006). To press for merits adjudication then in light of Respondents' timely intent to appeal would have bordered on the frivolous.

adequate inquiry.'" (ellipsis in original; *quoting Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

To summarize, thirty-three months have elapsed since Mr. Omar's arrest, eighteen months since his habeas petition was filed, and two months since the petition for rehearing en banc was denied. Today, there is no justification for more delay.

## Conclusion

Petitioners therefore respectfully request that this Court deny both of Respondents' requests, and instead move forward in adjudicating Mr. Omar's habeas petition, *inter alia*, by granting him the access to counsel and to medical records, that are necessary for fair litigation.

Respectfully submitted,

          /s/ Susan L. Burke      .
Susan L. Burke (D.C. Bar. No. 414939)
Katherine Hawkins
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:   (215) 487-6590
Facsimile:    (215) 482-0874

Jonathan Hafetz
Aziz Huq
BRENNAN CENTER FOR JUSTICE
NEW YORK UNIVERSITY SCHOOL OF LAW
161 Avenue of the Americas
New York, NY 10013
Telephone:   (212) 998-6730
Facsimile:    (212) 995-4550

8

Joseph Margulies
MACARTHUR JUSTICE CENTER
NORTHWESTERN UNIVERSITY LAW
SCHOOL
357 East Chicago Avenue
Chicago, IL 60611
Telephone:	(312) 503-0890
Facsimile:	(312) 503-1272

Eric M. Freedman
HOFSTRA LAW SCHOOL
121 Hofstra University
Hempstead, NY 11549
Telephone:	(516) 463-5167
Facsimile:	(516) 463-5129
*Counsel for Petitioner*

Dated:  August 8, 2007

**CERTIFICATE OF SERVICE**

I, Katherine Hawkins, do hereby certify that on the 8th of August, I caused true and correct copies of the foregoing document to be served via electronic mail and first class mail, upon the following individuals at the addresses indicated:

Edward H. White, Esq.
U.S. Department of Justice
20 Massachusetts Avenue, NW, Room 6110
Washington, DC 20530
Ned.White@usdoj.gov

Jonathan H. Levy, Esq.
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Avenue, NW, Room 7231
Washington, DC 20530-0001
Jonathan.Levy@usdoj.gov

Lewis S. Yelin, Esq.
Civil Division, Appellate Staff
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Room 7318
Washington, D.C. 20530
Lewis.Yelin@usdoj.gov

_____
Katherine Hawkins