IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA K. OMAR *et al.*,

      Petitioners,

     v.                                     Civil Action No. 05-2374 (RMU)

FRANCIS J. HARVEY *et al.*,

      Respondents.

**PETITIONERS' REPLY TO RESPONDENTS' RESPONSE
TO ORDER TO SHOW CAUSE**

Respondents for the first time represent that they will provide petitioners' counsel the same access to their client as they would to civilian counsel who travels to Iraq to represent a U.S. service member charged in a court-martial proceeding. Respondents' offer addresses some of petitioners' concerns, and is a new and significant step forward in affording Mr. Omar his right of access to counsel.[1] Yet respondents' written offer does not address several critical issues. These include whether proposed attorney-client meetings will be monitored; whether counsel's meetings will be limited in duration; and whether the government will file a return to the writ in advance of the visit so that counsel can discuss with Mr. Omar the nature of the government's allegations and conduct appropriate investigation and discovery. Counsel for Mr. Omar respectfully request that the Court permit counsel to negotiate with the government, and attempt to resolve as many of these issues as possible.

In their October 8th filing, respondents caution that Mr. Omar's counsel would be permitted access to Mr. Omar only "in accordance with all MNF-I detainee visitation rules."

---

[1] Respondents' October 8, 2007, filing marks the first time the government has promised secure travel to Iraq and safe access to Mr. Omar. Further, this is the first time respondents have provided any details concerning travel or security within Iraq.

(Resp'ts' Resp. to Order to Show Cause at 2 (quoting Opp'n to Pet'rs' Emerg. Renewed Request for Access and Mot. for Records at 1).) Those rules on their face limit detainees to a single visit of one hour per week. (Ex. 1, Detainee Visitation Rules and Guidelines.). Further, the respondents' written filing does not say whether a detainee's visits with counsel are monitored. As pointed out by this Court, "it is clear that [Mr. Omar] has a right to counsel[.]" (Mem. Op. Denying Without Prejudice Pet'r's Emerg. Mot. for Access; Granting Pet'r's Emerg. Mot. for Medical Records and Photographs at 5). Yet for that right to be meaningful, access and communications must be confidential. *See, e.g.*, *Mann v. Reynolds*, 46 F.3d 1055, 1061 (10th Cir. 1995).

Finally, the respondents' determination that any visit must take place inside Iraq, coupled with its accurate account of the risks and expense necessarily associated with that visit, also makes it necessary for the respondents to provide reasonable discovery in advance of counsel's travel.[2] Realistically, counsel may have only one opportunity to meet with Mr. Omar, and the outcome of litigation in which the client faces the prospect of many years, if not life, imprisonment, should not be made to depend on a single visit conducted almost entirely in the dark about the government's allegations. For that reason, and in light of the Court's recent ruling, we believe that access must be linked to reasonable discovery. Petitioners will hence be seeking discovery from the government in advance of a visit to Iraq.

Petitioners' counsel have contacted respondents' counsel in an effort to resolve the issues that arise with respect to travel to Iraq, and counsel are currently discussing them.. While these

---

[2] The Department of State "continues to strongly warn U.S. citizens against travel to Iraq, which remains very dangerous." The warning cautions that "U.S. citizens . . . are targeted by insurgent groups and criminals for kidnapping and murder[,]" and that civilian travel into and within Iraq is extremely dangerous. *See* U.S. Dept. of State, Bureau of Consular Affairs, Travel Warning Iraq (available at http://travel.state.gov/travel/cis_pa_tw/tw/tw_921.html).

negotiations go forward, we respectfully request that the Court reserve ruling on Petitioners' Emergency Renewed Request for Access.


Dated:  October 15, 2007    Respectfully submitted,
/s/ Susan L. Burke
Susan L. Burke (D.C. Bar #414939)
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:    (215) 487-6594
Fascimile:     (215) 482-0874

Joseph Margulies (admitted *pro hac vice*)
MACARTHUR JUSTICE CENTER
NORTHWESTERN UNIVERSITY SCHOOL OF LAW
357 East Chicago Avenue
Chicago, IL 60611
Telephone:    (312) 503-0890
Fascimile:     (312) 503-1272

Aziz Z. Huq (admitted *pro hac vice*)
Jonathan Hafetz (admitted *pro hac vice*)
BRENNAN CENTER FOR JUSTICE
NEW YORK UNIVERSITY SCHOOL OF LAW
161 Avenue of the Americas, 12th Floor
New York, NY 10013
Telephone:    (212) 998-6730
Fascimile:     (212) 995-4550

*Counsel for Petitioners*

# EXHIBIT 1

## Detainee visitation rules and guidelines

 Print

Saturday, 09 July 2005

**Release A050709a**

Detainee visitation rules and guidelines

**BAGHDAD, Iraq --** Visitation at Abu Ghraib and Camp Bucca is highly encouraged for those with family members currently detained at these facilities.

While detainees are not eligible for visitation during their first 60 days of internment, once they complete their first 60 days, they are authorized four visitations per month, or one per week.

Those wishing to visit detainees at these facilities must abide by the following rules and guidelines:

- Only immediate family members or the detainee's lawyer are authorized to visit
- Family members and lawyers are not authorized to visit at the same time
- Visitations must be scheduled in advance and will not be granted the same day they are scheduled
- The maximum number of visitors permitted for one detainee is six; no more than three adults at a time
- Each visitation will last one hour
- Visitors are only allowed to bring items listed on the visitation rules form
- No cameras or recording devices are allowed
- Letters and bags brought for detainees will be collected at the search point and turned over to be screened
- Any contraband removed from visitors will be placed in bags and returned following their visitation

To improve the safety and security at the internment facilities, officials now require all visiting family and lawyers to be photographed prior to visiting a detainee. Photographs will be taken along with iris scans and fingerprints. All visitors will be searched by guards of the same sex as the visitor.

Visitations are conducted Monday through Saturday. Visitors residing in the Abu Ghraib geographical area may sign up for visits to Camp Bucca at Abu Ghraib. Abu Ghraib schedules Camp Bucca appointments on Fridays and Saturdays only. These appointments must be scheduled at least two weeks in advance. Appointments for Abu Ghraib are typically scheduled for three to four days after signing up.

-30-

TEXT PROVIDED BY MNF-I DETAINEE OPERATIONS PUBLIC AFFAIRS OFFICE. FOR MORE INFORMATION, CONTACT LTC Guy rudisill AT '; document.write( '' ); document.write( addy_text62034 ); document.write( '<\/a>' ); //-->\n

Close Window

## CERTIFICATE OF SERVICE

      I hereby certify that on October 15, 2007, I caused the Petitioners' Reply to Respondents' Response to Order to Show Cause to be filed electronically with the Clerk of Court through ECF, and that ECF will send an electronic notice of the filing to the Respondent's Counsel of Record at the following address:

      Michael Abate        michael.abate@usdoj.gov

      /s/ Susan. L. Burke
      Susan L. Burke