IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA K. OMAR, et. al., <br> Petitioners, <br><br> v. <br><br> PETE GEREN, et. al., <br> Respondents. | CIVIL ACTION NO. 05-2374 (RMU) |

**PETITIONERS' MEMORANDUM ON COUNSEL ACCESS
AND MOTION FOR AN ORDER REQUIRING A RETURN TO THE WRIT**

Petitioner Shawki Omar, through undersigned counsel, files this motion and supporting memorandum to inform the Court that the parties have settled disputes about counsel access to Mr. Omar in Iraq, and have agreed upon mutually acceptable conditions under which such access is to take place. Despite counsel's efforts, however, dispute remains over the government's obligation to file a return to the writ. Mr. Omar therefore respectfully asks this Court to order the government to file a return to the writ clearly stating the factual and legal grounds for Mr. Omar's detention. Mr. Omar has now been held for more three years without a meaningful chance to contest the factual and legal grounds for his detention in the custody of U.S. personnel. Almost two years ago, he filed a habeas petition in this Court challenging that detention—but the government still today maintains that filing a return would be too onerous. Without a factual return, however, Mr. Omar remains detained without knowing the precise reasons why.

One of undersigned counsel is now preparing to visit Mr. Omar in Iraq in accordance with guidelines set forth by the government. Petitioners respectfully urge that this Court order the return in anticipation of that visit. This will help Mr. Omar *consult*

meaningfully and in-person with his counsel concerning the government's putative grounds for his detention. It will allow counsel to file a meaningful traverse, and thus to hasten expeditious and efficient resolution of this proceeding.

### A. The Parties Have Resolved Disputes Over Undersigned Counsel's Access to Mr. Omar.

Pursuant to the Court's September 28, 2007 order and opinion, the parties have resolved issues around the confidentiality and duration of counsel visits with Mr. Omar. In accordance with the agreement reached between counsel for Mr. Omar and the government, any of Mr. Omar's counsel may now seek a theater and country clearance to visit Iraq. Under this agreement, counsel for Mr. Omar would be able to visit Iraq. Counsel will be able to meet with Mr. Omar and with Mr. Mohammed Munaf, counsel's other U.S. citizen client presently detained by U.S. officials in Iraq. These visits to Mr. Omar will be free of all monitoring by U.S. Army personnel and its agents or allies.[1]

One of Mr. Omar's counsel has already completed the required terrorism training course and has also provided background clearances as set forth by the government. Accordingly, that counsel is now organizing a trip to Iraq, and is awaiting the necessary theater clearances, which counsel has been told should take about thirty days. Counsel's trip to Iraq is tentatively scheduled for mid-January 2008.

### B. The Court Should Order a Return to the Writ.

Petitioner respectfully requests that the Court order the Respondents to file a return to the writ, as the habeas statute requires. *See* 28 U.S.C. § 2243; Rule 5 Governing § 2254 Cases. As Respondents have conceded already, a return to the writ has not been

---

[1] The government has agreed to similar conditions with respect to counsel visitation for Mr. Munaf.

filed. *See* Respondents' Opposition to Pet'rs' Motion for Immediate Discharge, at 6, 11 (dkt. 37) (Oct. 1, 2007). Absent such a return, it is impossible for Mr. Omar to develop and present the facts necessary to a meaningful resolution of the habeas petition. Indeed, the government itself recognizes that it would be unfair to proceed "without obtaining a factual return." *Id.* at 6. A return should therefore be ordered to resolve as speedily as possible to ascertain the lawfulness of the government's prolonged detention of Mr. Omar.[2]

Petitioners further respectfully request that a return to the writ be ordered prior to undersigned counsel's visit with Mr. Omar. To make the forthcoming consultation between counsel and Mr. Omar meaningful, counsel must know the factual and legal justifications for Mr. Omar's detention, at least as claimed by the government. Without a factual return, it is impossible for counsel and Mr. Omar to discuss cogently and effectively the conduct of his litigation. *See, e.g.*, Rules Governing §2254 Cases Rule 5, Advisory Committee Note 1976 Adoption ("The return ... permits the court and the parties to uncover quickly the disputed issues; it may reveal to the petitioner's attorney grounds for release that the petitioner did not know ....") (citation and internal quotation marks omitted); *Day v. McDonough*, 547 U.S. 198, 208 n.6 (2006) (noting that issues can only became apparent on the filing of a return to the writ); *see also* Order Denying Without Prejudice the Petitioner's Emergency Motion for Access; Granting the

---

[2] To be sure, on February 9, 2006 Respondents filed a "Response to Order to Show Cause Supporting Dismissal of the Petition For Habeas Corpus." *See* Response to Order to Show Cause Supporting Dismissal of the Pet. For Habeas Corpus (dkt. 20) (Feb. 9, 2006). But this document simply argued that the Court lacked jurisdiction over Mr. Omar's petition—a position that this Court and the Court of Appeals properly rejected. *Id.* at 1. In any case, even Respondents do not suggest this document constituted a return since they complained in subsequent pleadings that a return had not been filed.

Petitioner's Emergency Motion for Medical Records and Photographs at 3 (dkt. 42) (Sept. 28, 2007) (emphasizing importance of meaningful representation); *cf. Bounds v. Smith*, 430 U.S. 817, 822 (1977) (noting habeas counsel's obligation to facilitate "adequate, effective, and meaningful" access to the courts).

Without a return, moreover, petitioners are disabled from filing a traverse making challenges to the government's grounds for detention. *See, e.g., United States v. Stoltz*, 325 F. Supp. 2d 982, 985-86 (D. Minn. 2004) ("The purpose of a traverse is to challenge factual assertions in the government's 'return' or answer to the petition."). This procedure of a return followed by a traverse applies by operation of law to all habeas cases under 28 U.S.C. § 2241, including cases of U.S. citizens detained by the military. As the Supreme Court has made clear: "[Section] 2243 provides that 'the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.'" *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (plurality opinion). In other words, the Supreme Court has anticipated the filing of a return, a traverse, and consequent discovery in cases like the one at bar.[3]

Respondents may again claim that compilation of a return is onerous. *See, e.g.*, Respondents' Opposition to Pet'rs' Motion for Immediate Discharge, at 6, 11 (dkt. 37 (Oct. 1, 2007). But this claim should find no favor with the Court. The *Hamdi* Court, after all, envisaged precisely this process. But even if the Court in *Hamdi* had been silent, a return would nonetheless be appropriate. The government claims it has

---

[3] Once the government has filed a return to the writ, petitioners may request that this Court grant narrowly tailored discovery that is directly pertinent to any issues isolated by the return. *See Hamdi*, 542 U.S. at 538-39 (plurality opinion) (expressing confidence that district courts will "engage in a factfinding process that is both prudent and incremental" in securing the purpose of a U.S. citizen's habeas corpus challenge to his military detention).

4

sufficient evidence to have deprived a U.S. citizen of his liberty for more than three years. It is not too much to ask, therefore, that the government produce the reasons and the evidence on which it has relied in the form of a return to the writ. Indeed, that is the very point of habeas jurisdiction and the quintessential purpose of the Great Writ. The government also says it has made factual determinations concerning Mr. Omar that justify his continued detention. If it has done so, it is not too much to ask that these determinations be shared with the Court and with Mr. Omar's counsel. The cost of delay falls inevitably and directly on Mr. Omar every day.

## CONCLUSION

For the foregoing reasons, petitioners respectfully request that the Court order Respondents to file a return to the writ of habeas corpus.

Respectfully submitted,

/s/ Susan L. Burke

Susan L. Burke (D.C. Bar. No. 414939)
Katherine Hawkins
BURKE O'NEIL LLC
4112 Station Street
Philadelphia, PA 19127
Telephone:    (215) 487-6590
Facsimile:    (215) 482-0874

Jonathan Hafetz
Aziz Huq
BRENNAN CENTER FOR JUSTICE
NEW YORK UNIVERSITY SCHOOL OF LAW
161 Avenue of the Americas
New York, NY 10013
Telephone:    (212) 998-6730
Facsimile:    (212) 995-4550

Joseph Margulies
MACARTHUR JUSTICE CENTER
NORTHWESTERN UNIVERSITY LAW
SCHOOL
357 East Chicago Avenue
Chicago, IL 60611
Telephone:   (312) 503-0890
Facsimile:   (312) 503-1272

Eric M. Freedman
HOFSTRA LAW SCHOOL
121 Hofstra University
Hempstead, NY 11549
Telephone:   (516) 463-5167
Facsimile:   (516) 463-5129

*Counsel for Petitioners*

Dated:  November 30, 2007