IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA K. OMAR, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>PETE GEREN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-2374 (RMU)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION FOR AN
ORDER REQUIRING A RETURN TO THE WRIT AND
MOTION FOR A STAY OF FURTHER PROCEEDINGS**

On December 7, 2007, the Supreme Court granted the petitions for writs of certiorari filed

in this litigation and in *Munaf v. Geren*. *See Omar v. Harvey*, 479 F.3d 1 (D.C. Cir. 2007), *cert.*

*granted sub nom. Geren v. Omar*, 76 U.S.L.W. 3169 (U.S. Dec. 7, 2007) (No. 07-394); *Munaf v.*

*Geren*, 482 F.3d 582 (D.C. Cir. 2007), *cert. granted*, 76 U.S.L.W. 3022 (U.S. Dec. 7, 2007) (No.

06-1666).  In reviewing these cases, the Supreme Court will determine whether United States

district courts possess jurisdiction over *habeas corpus* petitions filed by individuals detained by

the Multi National Force–Iraq ("MNF-I") and, even if so, whether this Court erred in entering an

injunction prohibiting the MNF-I from presenting this very petitioner for trial before the Central

Criminal Court of Iraq ("CCCI").  In light of the Supreme Court's action, the United States

respectfully moves for a stay of all further district court proceedings until the Supreme Court

rules on the questions presented.  *See, e.g.*, *Hicks v. Bush*, 397 F. Supp. 2d 36, 45 (D.D.C. 2005)

(staying district court proceedings in light of Supreme Court's grant of a writ of certiorari in

*Hamdan v. Rumsfeld*, 415 F.3d 33 (D.C. Cir. 2005), *cert. granted* 546 U.S. 1002 (2005)); *see*

*also Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").[1]

Ordering the government to file a return to the petition threatens substantial and immediate harm to the United States. This is not a traditional habeas case, where the respondent need only order the record of the trial proceedings in which the petitioner was convicted. Instead, in order to compile a return, MNF-I personnel on the ground in Iraq would have to be diverted from their present combat and operational missions and re-assigned to the task of collecting and compiling all the evidence related to this case. This task presents substantial logistical challenges – including, among others, that the people with relevant information might be spread around the world (or, in fact, may no longer be in military service), and that some of the evidence involved in the case might be sensitive or classified and, therefore, would require special handling procedures.

Moreover, and quite apart from these logistical challenges, the Supreme Court has recognized the injury to the United States and its military forces that would result from being forced to litigate habeas petitions brought by enemy combatants detained in an active theater of combat during ongoing hostilities. In *Johnson v. Eisentrager*, the Court noted that such habeas proceedings:

---

[1] The risk of wasted effort by the court and the parties in these circumstances is obvious. If the Supreme Court finds that this Court lacks jurisdiction, the petition must be dismissed. But even if the Supreme Court concludes that this Court possesses jurisdiction over the petition, it nevertheless may conclude that this Court erred in enjoining the MNF-I from presenting petitioner to the CCCI for trial. *See, e.g.*, *Omar v. Harvey*, 479 F.3d 1, 15 (D.C. Cir. 2007) (Brown, J., concurring in part and dissenting in part).

would hamper the war effort and bring aid and comfort to the enemy. They would diminish the prestige of our commanders, not only with enemies but with wavering neutrals. It would be difficult to devise more effective fettering of a field commander than to allow the very enemies he is ordered to reduce to submission to call him to account in his own civil courts and divert his efforts and attention from the military offensive abroad to the legal defensive at home. Nor is it unlikely that the result of such enemy litigiousness would be a conflict between judicial and military opinion highly comforting to enemies of the United States.

*Johnson v. Eisentrager*, 339 U.S. 763, 779 (1950); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) (recognizing that enemy-combatant proceedings contain "uncommon potential to burden the Executive at a time of ongoing military conflict").

Finally, now that the Supreme Court has granted the petitions for writs of certiorari in *Omar* and *Munaf*, this Court must avoid taking action that could undermine the Supreme Court's ability to settle the threshold question of whether *Hirota v. General of the Army MacArthur*, 338 U.S. 197 (1948), deprives United States courts of jurisdiction over habeas petitions brought by individuals detained in Iraq by the MNF-I as enemy combatants and security internees – a question that petitioners' own counsel described as one of "surpassing importance." *See* Petition for Writ of Certiorari at 10, *Munaf v. Geren*, No. 06-1666 (filed June 13, 2007).  As the Supreme Court noted in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 95 (1998), "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (citation omitted).  Therefore, and as urged below, this Court should decline petitioners' invitation to order the government to file a return to the petition, because such an order could lead to litigation over the merits of this petition before the Supreme Court has resolved the threshold jurisdictional question.  *See* 28 U.S.C. § 2243 (requiring a return to a writ of habeas

corpus to be filed within three days of any order requiring such, and stating that "[w]hen the writ

or order is returned a day shall be set for hearing, not more than five days after the return").[2]

In light of the Supreme Court's decision to hear argument in both *Omar* and *Munaf*, the

United States respectfully requests that this Court enter a stay of further district court

proceedings. Pursuant to Local Civil Rule 7(m), the United States sought petitioners' view on

the motion for a stay. Petitioners' counsel indicated that they oppose this motion in part. While

petitioners do not oppose a motion seeking to stay proceedings with respect to discovery during

the pendency of the Supreme Court's review, petitioners do oppose any stay motion – such as the

present one – that would also affect their pending motion seeking an order requiring the

government to file a return to the writ.[3]

* * * * *

In addition to granting the United States' motion for a stay of district court proceedings,

this Court should deny petitioners' new motion for an order requiring the United States to file a

return to the writ. That motion is little more than a reprise of the already-pending Renewed

Motion for an Order to Show Cause. *See* Renewed Motion for an Order to Show Cause, Access,

and Discovery (Dkt. no. 33) at 1 ("Petitioners respectfully move that the Court order the

---

[2] Section 2243 permits a court, upon a showing of good cause, to extend the time for filing a return up to 20 days.

[3] In addition, petitioners' counsel indicated that they also oppose any stay that would alter the terms or timing of counsel's visit to Iraq, which is currently planned for mid-January. The United States has informed petitioners' counsel that the requested stay would not impact the terms or timing of that counsel visit.

government to file a return to Shawqi Omar's habeas petition. . . .").[4]  Moreover, that motion –

like all motions filed by petitioners in this action[5] – violated Local Civil Rule 7(m), which

requires a party's counsel to confer with opposing counsel prior to filing a non-dispositive

motion.  Violation of this rule, by itself, is sufficient grounds to deny the motion.  *See U.S. ex rel.*

*Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 35 & n.4 (D.D.C. 2007)

(noting that a violation of Local Rule 7(m) provides sufficient "grounds for denying the motion"

and that even where consent seems unlikely to be obtained, the rule is important because

"consultation might still result in some narrowing of the issues, a consent to a surreply, or any

number of solutions which might lead to fewer filings and facilitate the Court's focus on the

merits").  Had petitioners complied with this obligation to confer with government counsel, the

United States would have encouraged petitioners to delay their filing of this motion until after the

Supreme Court considered the pending petitions for certiorari in *Omar* and *Munaf* – which were,

as counsel undoubtedly were aware, scheduled to be considered by the Supreme Court just seven

days later.[6]

---

[4] The government has provided petitioners with the medical records and photographs requested in that motion.

[5] None of petitioners' motions in this case includes the required Local Civil Rule 7(m) statement indicating that counsel sought the government's consent to, or views concerning, those motions. *See, e.g.*, *Ex Parte* Motion for Temporary Restraining Order (Dkt. no.# 7-8); Emergency Renewed Request for Access and Motion for Records (Dkt. no. 29) (lacking required LCvR 7(m) statement); Renewed Motion for Order to Show Cause, Access, and Discovery (Dkt. no. 33) (same); Motion for Immediate Discharge for Failure to Answer the Writ (Dkt. no. 35) (same); Motion for Order Requiring Return (Dkt. no. 46) (same).

[6] *See* Docket in *Geren v. Omar*, No. 07-394, *available at* http://www. supremecourtus.gov/docket/07-394.htm (noting that cert. petition was distributed to the Justices on Nov. 20, 2007 to be considered at the Court's conference of December 7, 2007); Docket in *Munaf v. Geren*, No. 06-1666, *available at* http://www.supremecourtus.gov/docket/06-1666.htm (same).

Finally, petitioners' motion represents an inappropriate attempt to leverage the United States' willingness to afford special accommodations to petitioners' counsel – namely, extending to the counsel for an enemy combatant and security internee the same assistance previously afforded only to civilian attorneys of United States service members – into an order that the United States argued would be inappropriate during the pendency of the petitions for writs of certiorari in *Omar* and *Munaf*. *See* Respondents' Opposition to Petitioner's Motion For Immediate Discharge (Dkt. no. 37) at 1-2, 9-11. Moreover, it is simply not true, as petitioners allege, that a return is necessary "[t]o make the forthcoming consultation between counsel and Mr. Omar *meaningful*." Motion for Order Requiring Return (Dkt. no. 46) at 3 (emphasis added). That claim rings hollow because, as petitioners' filing notes, counsel also intends to visit Mohammad Munaf while in Iraq. Surely counsel would not claim such a visit is *meaningless* because the United States never filed a return to his petition before it was dismissed for lack of jurisdiction. To be sure, petitioner is correct that the government must file a return to the petition before it may be *litigated* on the merits. But there simply is no reason for this Court to artificially expedite the litigation to accommodate counsel's present travel schedule, when the Supreme Court might yet conclude that this Court has no jurisdiction to undertake that review.

* * * * *

For all the foregoing reasons, this Court should grant a stay of all further proceedings until after the Supreme Court rules on the merits of these appeals, and should deny petitioners' request for an order requiring the United States to file a return to the writ.

Dated: <u>December 12, 2007</u>                     Respectfully Submitted,

                                                    JEFFREY S. BUCHOLTZ
                                                    Acting Assistant Attorney General

                                                    CARL J. NICHOLS
                                                    Deputy Assistant Attorney General

                                                    JEFFERY A. TAYLOR
                                                    United States Attorney

                                                    JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                    Branch Director

                                                    VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                    Deputy Branch Director

                                                    <u>/s/ Michael P. Abate</u>
                                                    MICHAEL P. ABATE (IL. Bar No. 6285597)
                                                    Attorney, U.S. Department of Justice
                                                    Civil Division, Federal Programs Branch
                                                    20 Massachusetts Avenue, N.W.  Room 7302
                                                    Washington, D.C. 20530
                                                    Tel: (202) 616-8209
                                                    Fax: (202) 616-8470
                                                    email: Michael.Abate@usdoj.gov

                                                    *Attorneys for Respondents*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of December 2007, I caused the foregoing

Respondents' Opposition to Petitioners' Motion for an Order Requiring a Return to the Writ and

Motion for a Stay of Further Proceedings to be served on petitioners' counsel of record

electronically by means of the Court's CM/ECF system.


*/s/ Michael P. Abate*