IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SANDRA K. OMAR, *et al.* | ) <br> ) <br> ) |
| Petitioners, | ) <br> ) |
| v. | )    Civil Action No. 05-2374 (RMU) <br> ) |
| PETE GEREN, *et al.* | ) <br> ) |
| Respondents. | ) <br> ) |

## RESPONDENTS' RECOMMENDATION FOR FUTURE PROCEEDINGS

Respondents respectfully submit this Recommendation for Future Proceedings pursuant to this Court's directive that "[w]ithin 30 days of the Supreme Court's resolution of the issues on appeal, the parties are ordered to submit to the court a recommendation on how the case should proceed." Order dated Jan. 14, 2008. Consistent with the Supreme Court's decision on June 12, 2008, Respondents respectfully recommend that, upon receipt of the Supreme Court's opinion and judgment, this Court dismiss with prejudice Mr. Omar's petition for a writ of habeas corpus.[1]

On December 12, 2005, Mr. Omar's wife and son filed this next-friend habeas corpus petition on Mr. Omar's behalf in this Court. Pet. for Writ of Habeas Corpus (Dkt. No. 1). On February 13, 2006, this Court issued a preliminary injunction ordering that "respondents, their

---

[1] The mandate has not yet issued from the Supreme Court. In a case on review from a court of the United States, a formal mandate from the Supreme Court does not issue unless specifically directed; instead, the clerk of the Supreme Court will send the clerk of the lower court a copy of the opinion or order of the Supreme Court and a certified copy of the judgment. Sup. Ct. R. 45.3. On July 7, 2008, counsel for Mr. Omar and Mr. Munaf petitioned for rehearing. The filing of a petition for rehearing in the Supreme Court stays the issuance of the Supreme Court's opinion and judgment until disposition of the petition, unless the Supreme Court orders otherwise. Sup. Ct. R. 45.2. If the petition is denied, the Supreme Court's opinion and judgment will issue forthwith. *Id.*

agents, servants, employees, confederates, and any other persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall not remove the petitioner from the United States or MNF-I custody, or take any other action inconsistent with this court's memorandum opinion." Order Granting Mot. for Preliminary Inj. (Dkt. No. 21). The Supreme Court granted Respondents' petition for a writ of certiorari and consolidated this case with a separate petition for a writ of certiorari it granted to petitioners in *Munaf v. Geren*. *See Omar v. Harvey,* 479 F.3d 1 (D.C. Cir. 2007), *cert. granted sub nom. Geren v. Omar*, 76 U.S.L.W. 3169 (U.S. Dec. 7, 2007) (No. 07-394); *Munaf v. Geren*, 482 F.3d 582 (D.C. Cir. 2007), *cert. granted,* 76 U.S.L.W. 3169 (U.S. Dec. 7, 2007) (No. 06-1666) (together hereafter "*Munaf*"). On June 12, 2008, the Supreme Court released an opinion vacating the judgment and injunction previously entered in this action and remanding the case. *Munaf*, 128 S. Ct. at 2228.

In *Munaf*, the Supreme Court expressly held that "petitioners state no claim in their habeas petitions for which relief can be granted, and those petitions should have been promptly dismissed." 128 S. Ct. at 2228.[2] In light of the Supreme Court's holding, Respondents respectfully recommend that, following the resolution of the motion for a rehearing pending before the Supreme Court, and upon transmission of the Supreme Court's opinion to this Court,

---

[2] The Supreme Court also noted that Mr. Omar failed to raise a claim under the Foreign Affairs Reform and Restructuring Act (FARR Act) in his initial pleadings, that such a claim is unlikely to succeed on the merits, and that allegations of possible torture resulting from transfer to a foreign government are matters best addressed by the Executive. *Munaf*, 128 S. Ct. at 2225-26. Thus, should Mr. Omar seek leave to amend his pleadings in an attempt to state a claim under the FARR Act, or in any other way, Respondents respectfully request a full and fair opportunity to oppose such an amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that leave to amend pleadings may be denied for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

this Court dismiss with prejudice Mr. Omar's petition for a writ of habeas corpus.

Dated: July 14, 2008

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JOSEPH H. HUNT (D.C. Bar No. 431134)
Branch Director

VINCENT M. GARVEY (D.C. Bar No. 127191)
Deputy Branch Director

*/s/ Stephen J. Buckingham*
STEPHEN J. BUCKINGHAM
Trial Attorney (Maryland Bar)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Rm. 7119
Washington, D.C.  20530
(202) 514-3330
Stephen.Buckingham@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of July 2008, I caused the foregoing Respondents' Recommendation for Future Proceedings to be served on petitioners' counsel of record electronically by means of the Court's CM/ECF system.

                                    */s/ Stephen J. Buckingham*
                                    STEPHEN J. BUCKINGHAM
                                    Trial Attorney (Maryland Bar)
                                    United States Department of Justice
                                    Civil Division, Federal Programs Branch
                                    20 Massachusetts Ave., N.W. Rm. 7119
                                    Washington, D.C.  20530
                                    (202) 514-3330
                                    Stephen.Buckingham@usdoj.gov